[No. 27878-9-I.   Division One.   December 16, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. DORSEY EUGENE MCKINZY, *Defendant,* KIMBERLY J. THOMAS, *Appellant.*

*Adam Shapiro* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Monica Benton, Deputy,* for respondent.

BAKER, J. — Kimberly Thomas was convicted of six counts of promoting prostitution in the second degree. In the same trial, Dorsey McKinzy was convicted of two counts of promoting prostitution in the first degree and five counts of promoting prostitution in the second degree. Thomas appeals, arguing that the trial court erred by denying her motions to sever trials and by denying her motion for mistrial due to the State's untimely disclosure of its grant of immunity to three witnesses. Finding no error, we affirm.

I

McKinzy was the owner and operator of Sherri's Referral Service. In 1987 Thomas started working for McKinzy. Thomas maintained that she was one of many escorts who worked for Sherri's and that she had nothing to do with running the business. The State contended that she was a co-operator of the business. During the joint trial, there was conflicting evidence regarding her role in the business and her personal relationship with McKinzy. The jury found Thomas guilty of six counts of promoting prostitution in the second degree.

II

Thomas first assigns error to the trial court's denial of her pretrial motion to sever her trial, arguing that her right to a speedy trial was violated by granting McKinzy's motion to continue.

■■ A trial court's denial of a motion for severance is reviewed for abuse of discretion. *State v. Grisby*, 97 Wn.2d 493, 507, 647 P.2d 6 (1982), *cert. denied sub nom. Frazier v. Washington*, 459 U.S. 1211 (1983). A trial court's grant or denial of a motion to continue is also reviewed for abuse of discretion. *State v. Barnes*, 58 Wn. App. 465, 471, 794 P.2d 52 (1990), *aff'd*, 117 Wn.2d 701, 818 P.2d 1088 (1991).

Thomas cites CrR 4.4(c)(2)(i) to support her argument that severance should have been granted. That rule provides, in part:

> (2) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (i), should grant a severance of defendants whenever:
>
> (i) if before trial, it is deemed necessary to protect a defendant's rights to a speedy trial, or it is deemed appropriate to promote a fair determination of the guilt or innocence of a defendant[.]

One week before the expiration of the speedy trial period, McKinzy's attorney moved to compel the State to produce the names and addresses of approximately 25 witnesses. Because McKinzy objected to a continuance of the trial date, the State arranged for the defense to interview the witnesses by telephone. Approximately 15 interviews were conducted in a 3- or 4-day period.

On the last day of the speedy trial period, McKinzy moved to continue for 30 days because he had recently engaged a new lawyer. Thomas' counsel was ready and wanted to proceed to trial immediately. Thomas moved for severance if McKinzy's motion to continue were granted.

The trial court had to weigh the competing interests and rights of the two defendants. If the court had granted both motions, McKinzy's right to a speedy trial may have been prejudiced because he would have had to wait until Thomas' trial was over. If the court had denied both motions and forced both defendants to go to trial as scheduled, McKinzy would not have had adequate opportunity to conduct discovery and prepare. The court compromised by denying the motion to sever and continuing the case 1 week, expressly stating that the case and the expirations were continued in the interest of justice. CrR 3.3(h)(2).[1]

■ We find persuasive precedent in *State v. Guloy*, 104 Wn.2d 412, 705 P.2d 1182 (1985), *cert. denied*, 475 U.S. 1020

---

[1] CrR 3.3(h)(2) provides:

"On motion of the State, the court or a party, the court may continue the case when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of the defense. The motion must be filed on or before the date set for trial or the last day of any continuance or extension granted pursuant to this rule. The court must state on the record or in writing the reasons for the continuance."

(1986). In that case, two codefendants were charged with aggravated first degree murder. On the day trial was to start, one defendant requested a continuance due to late disclosure of additional State's witnesses, but the other defendant objected to a continuance. The trial court granted the continuance and the trial began 1 day past the expiration of the speedy trial period. On appeal, the court held that the continuance was permissible under CrR 3.3(h)(2) because the administration of justice required it and because the defendant who did not want a continuance was not substantially prejudiced by the delay. *Guloy*, 104 Wn.2d at 428.

 Under *Guloy*, the trial court was within its discretion to grant a continuance beyond Thomas' speedy trial period. We note, however, that CrR 4.4(c)(2)(i) favors severance where "it is deemed necessary to protect a defendant's rights to a speedy trial". The rule does not state a mandatory directive, however, and the preference for severance may be tempered by considerations of judicial economy and potential prejudice to others.

We hold that under these facts the trial court was within its discretion to deny the motion for severance. A brief delay of the trial date beyond a defendant's speedy trial period is permissible where the administration of justice requires it and the defendant will not be substantially prejudiced in the presentation of his or her defense.

 Thomas also appeals the trial court's denial of her motion to sever on the basis of antagonistic defenses. The mere existence of mutually antagonistic defenses does not require severance. In order to establish that denial of a motion for severance on these grounds was an abuse of discretion, a defendant must be able to demonstrate specific prejudice. *Grisby*, 97 Wn.2d at 507.

The facts here do not establish mutually antagonistic defenses specifically prejudicial to Thomas. McKinzy's defense was that he simply provided escort referrals to clients and had no knowledge or control over any ensuing acts of prostitution. Thomas' defense was that she was merely an em-

ployee. Neither McKinzy nor Thomas testified at trial. At most, these defenses were inconsistent but not irreconcilable, *i.e.*, mutually exclusive to the extent that one must be believed if the other is disbelieved. Thus, the defenses were not mutually antagonistic. *State v. Lane*, 56 Wn. App. 286, 298-99, 786 P.2d 277 (1989). Certainly the conflicting defenses in this case were not so prejudicial as to overcome the preference for judicial economy. *State v. Hoffman*, 116 Wn.2d 51, 74, 804 P.2d 577 (1991).

Thomas also argues that because the vast majority of evidence focused on McKinzy, she was unfairly implicated by being tried at the same time. Again, the evidence is insufficient to establish that the joint trial was so manifestly prejudicial as to outweigh the concern for judicial economy. *Hoffman*, 116 Wn.2d at 74. Moreover, the jury was properly instructed to examine the case of each defendant separately. *Grisby*, 97 Wn.2d at 509.

The trial court did not abuse its discretion in denying either motion to sever.

### III

Thomas also assigns error to the trial court's denial of her motion for mistrial after the State belatedly disclosed that it had granted immunity to three witnesses. The disclosure came after all three witnesses had completed their testimony.[2] After the disclosure, the State produced all three witnesses for cross examination regarding their immunity, but Thomas declined to reopen cross examination, stating that to do so would impair her trial strategy and be insufficient to cure the prejudice that had already occurred. She also did not request a continuance in order to adequately prepare cross examination on this issue.

The State concedes that its disclosure was untimely. The late disclosure was improper and the nondisclosure undoubtedly affected the structuring of defense counsel's origi-

---

[2]Two of the witnesses were granted immunity during the course of the trial; it is unclear when the third received immunity.

nal cross examinations of these witnesses. No showing of any specific or significant prejudice has been made, however, and any general claim of prejudice was not preserved for review when Thomas neither sought a continuance nor proceeded with further cross examination which was available to her.

Affirmed.

WEBSTER, C.J., and SCHOLFIELD, J., concur.