[No. 30532-8-I.    Division One.    July 25, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. MARCELL ALSUP, *Appellant.*

*Michael J. Trickey* and *Appelwick, Trickey & Lukevich,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Pamela Mohr, Deputy,* for respondent.

KENNEDY, J. — Marcell Alsup appeals his conviction of first degree robbery, assigning error to two pretrial orders. Specifically Alsup contends that (1) the redacted version of his written confession could be read to change his level of participation from that of an accomplice to a principal, thereby denying him a fair trial by precluding a "mere presence" defense at trial; and (2) the trial court erred when it limited reference to the victim's criminal history to "three convictions involving theft in Juvenile Court".[1] Finding no error, we affirm.

## FACTS

On October 29, 1991, at 2 a.m., the victim Peweno Yellowbird and two of his friends were playing video games at a 7-Eleven store in the University District of Seattle. Codefendants Alsup and Freeman entered the 7-Eleven store and joined Yellowbird and his friends. Alsup and Freeman left shortly before Yellowbird and his friends.

---

[1] We treat this second issue in the unpublished portion of this decision.

Yellowbird and his friends began walking down University Avenue. They soon encountered Alsup and Freeman. Freeman pulled out a BB pistol and dragged Yellowbird into an alley. Freeman pointed the gun at Yellowbird and demanded that Yellowbird take off his coat and give it to Freeman. Alsup helped to push Yellowbird into the alley. He grabbed Yellowbird's coat, hat, earmuffs and wallet, and watched for the police.

The police were called and a description of Alsup and Freeman was broadcast over the police radio. Two police officers heard the description after they had already stopped a car for speeding and erratic driving. Freeman was driving the car. He claimed ownership of the hat and jacket. The earmuffs were found in the car's glove compartment. The BB gun was discovered under the driver's seat.

Freeman and Alsup were identified by Yellowbird and his companions and then they were taken to jail. The next day Alsup gave a 2-page written statement about the incident in which he admitted that he and Freeman had planned and carried out the robbery.

Alsup and Freeman were charged with robbery in the first degree. Prior to trial Freeman moved, unsuccessfully, for severance, arguing that the admission of Alsup's written statement would violate *Bruton v. United States,* 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968) and CrR 4.4(c)(1).[2] The State's response was to propose a redaction of Alsup's statement to delete any reference to "we" or to Freeman. The court rejected the redacted versions proposed by the State, and instead wrote its own version of Alsup's statement.

Alsup then objected to the court's redacted version, arguing that it would prevent him from arguing to the jury that his "mere presence" at the scene did not rise to the level of accomplice liability. Alsup sought discretionary severance so

---

[2]CrR 4.4(c)(1) was adopted to avoid the constitutional problem dealt with by *Bruton v. United States,* 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968). In *Bruton,* the United States Supreme Court held that the defendant was deprived of his confrontation rights under the Sixth Amendment when he was incriminated by a pretrial statement of a codefendant who did not take the stand at trial.

that his unredacted statement could be used at his trial. The court rejected Alsup's argument and ruled that Freeman and Alsup would be tried together, with the redacted statement to be admitted at trial.

The State's witnesses were Yellowbird, his two companions and the police officers involved. The redacted statement was admitted at the trial.

Neither Alsup nor Freeman testified at trial. The jury found both of them guilty of robbery in the first degree. Alsup now appeals.

## DISCUSSION

### Motion To Sever

Alsup assigns error to the trial court's failure to grant his motion for discretionary severance under CrR 4.4(c)(2), which provides:

> The court . . . should grant a severance of defendants whenever:
>
> > (i) if before trial, it is deemed necessary to protect a defendant's rights to a speedy trial, or it is deemed appropriate to promote a fair determination of the guilt or innocence of a defendant; . . ..

■■ The denial of a motion for separate trials of jointly charged defendants is entrusted to the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. *State v. Mitchell*, 117 Wn.2d 521, 532, 817 P.2d 398 (1991) (citing *State v. Grisby*, 97 Wn.2d 493, 507, 647 P.2d 6 (1982), *cert. denied sub nom. Frazier v. Washington*, 459 U.S. 1211 (1983)), *overruled on other grounds by State v. Dent*, 123 Wn.2d 467, 869 P.2d 392 (1994). In order to support a finding that the trial court abused its discretion, the defendant must be able to point to specific prejudice. The burden is on the moving party to come forward with facts sufficient to warrant the exercise of discretion in his or her favor. Severance is only proper when the defendant carries the difficult burden of demonstrating undue prejudice from a joint trial. *Grisby*, 97 Wn.2d at 507-8.

Alsup argues that he was prejudiced by having to go to trial jointly with Freeman because the redacted statement

impliedly overstates his role in the robbery, thereby depriving him of a fair trial. In spite of having confessed to being an accomplice,[3] Alsup wanted to present a "mere presence" defense at trial.[4] He argues that "we decided to take the jacket" and "we pushed the kid" is ambiguous in terms of the degree of Alsup's participation, whereas the redacted statement, "I saw . . . jacket and decided to take it" is not.

■ We reject Alsup's argument. We do not find "we pushed the kid" to be in any way more exculpatory than "I pushed the kid". Any subtle distinctions are so minute as to be insubstantial and thus nonprejudicial. Moreover, the omitted portion of Alsup's statement[5] rather than being exculpatory corroborates the State's charge that Alsup was involved in the robbery. *See generally United States v. Kaminski*, 692 F.2d 505, 522 (8th Cir. 1982) (where omitted portion of redacted statement was not exculpatory, but rather corroborated the government's charge, no prejudice was found); *United States v. Washington*, 952 F.2d 1402, 1404 (D.C. Cir. 1991) (where use of redacted statement distorted defendant's statements in his favor, no prejudice to the defendant was found), *cert. denied sub nom. Jones v. United States*, 118 L. Ed. 2d 432 (1992).

---

[3]Although not specified by Alsup, there appear to be two portions of his statement where the redacted version differs from the original:

Original — "*We* were driving north on U-Way when *we* saw a kid with a Raiders jacket on. *We decided to take the jacket.*"

Redacted — "*I* was going north on U-Way when *I* saw a kid with a Raiders jacket on *and decided to take it.*"

Original — "*We pushed* the kid into the alley & took his jacket & hat. I don't remember having the B.B. pistol when *we took* the jacket. I wanted the jacket — but Terrance actually got it."

Redacted — ". . . the kid *was pushed* into the alley and his jacket and hat *were taken*. I don't remember having the B.B. pistol when the jacket *was taken*." (Italics ours.)

[4]More than mere presence and knowledge of the criminal activity of another must be shown to establish that a person present is an accomplice. Accomplice liability is predicated on aid to another "in the commission of a crime" and is in essence liability for that crime. *State v. Peterson*, 54 Wn. App. 75, 78, 772 P.2d 513, *review denied*, 113 Wn.2d 1007 (1989); RCW 9A.08.020(3).

[5]In the original version Alsup said, "We pushed the kid . . . [we] took the jacket. I wanted the jacket[.]" In the redacted version, Alsup's personal involvement becomes less clear: "[T]he kid was pushed . . . and his jacket and hat were taken."

We also reject Alsup's argument that, but for the redaction, he would have been able to effectively argue a "mere presence" defense. There was overwhelming evidence to the contrary. In addition to the redacted statement, the jury heard Yellowbird testify that Alsup was "pushing me sort of into the alley, too" and that "both of them were grabbing at me". Yellowbird's two friends also identified Alsup and testified as to his involvement in the robbery. Gladstone testified that after Yellowbird was pulled into the alley he saw Alsup "watching out for the cops". Burkhamer testified that Alsup "grabbed [Yellowbird] by the coat" and "dragged him, put him into the alley".

The dispositive inquiry is whether anything about the redacted statement allowed Alsup's codefendant Freeman or the State to take unfair advantage of its contents. Clearly the answer is no. Moreover, the record is replete with other evidence of Alsup's presence at, knowledge of, and participation in the robbery, making the redacted statement merely cumulative of other evidence already before the jury. *See Commonwealth v. Chestnut*, 511 Pa. 169, 175, 512 A.2d 603, 606 (1986) (admission of redacted statement which was merely cumulative of other evidence was harmless beyond a reasonable doubt).

Finally, Alsup argues that the use of the redacted statement violates the "rule of completeness" contained in ER 106. Under the rule of completeness, a party is entitled, once part of a recorded statement has been introduced into evidence, to seek admission of the remainder of the statement. In the federal courts, the rule of completeness is violated, and severance of defendants is required, only where admission of the statement in its edited form distorts the meaning of the statement or excludes information "substantially exculpatory" to the declarant. *Kaminski*, 692 F.2d at 522.

Although Washington has yet to adopt this, or any, standard to test rule of completeness arguments, we find the federal case law to be persuasive and consistent with long-standing rules of evidence. The trial court properly utilized

134

the federal analysis and properly rejected Alsup's contention that the redacted information was substantially exculpatory.

Affirmed.

The remainder of this opinion has no precedential value and will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040. It is so ordered.

BAKER and AGID, JJ., concur.