[No. 38799-5-I.   Division One.   July 14, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL WATKINS, *Appellant.*

*James R. Dixon, Kathryn A. Russell,* and *Nielsen, Broman & Associates,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Dennis J. McCurdy, Deputy,* for respondent.

COLEMAN, J. — Before 1995, a Class B prior felony conviction other than a sex offense washed out for sentencing purposes if the defendant spent 10 consecutive years in the community without being convicted of any felonies. RCW 9.94A.360(2) (repealed 1995). In 1995, that provision was amended, requiring the defendant to spend 10 consecutive years in the community free of any crime, not just a felony. RCW 9.94A.360(2). The sole question on appeal is whether the 1995 amendment applies to a 1971 Class B felony conviction after which the defendant remained felony free for 10 years, but not crime free. We hold that it does apply and therefore affirm.

In 1996, Michael Watkins pleaded guilty to a violation of the Uniform Controlled Substances Act, RCW 69.50.401(c). Watkins had been convicted of burglary in 1971. His next felony conviction was in 1985. He was, however, convicted of misdemeanors at some point between 1971 and 1981.

At sentencing, the prosecutor argued that the 1995 amendment to the wash-out statute made the 1971 conviction relevant for the purposes of calculating the offender score. The court agreed, finding that even though the 1971 conviction would have been considered washed out for purposes of sentencing in 1985, the conviction had been revived by the 1995 Amendment. The court therefore entered a standard range sentence based on an offender score that included the 1971 conviction.

The sole question on appeal is whether the 1971 conviction was forever washed out in 1981 or whether the 1995 Amendment applies to that conviction for purposes of calculating the offender score.

■■ Under the Sentencing Reform Act (SRA), a defendant's prior convictions are used to determine the offender score, which is then used to establish the applicable presumptive standard range sentence. *State v. Johnson,* 51 Wn. App. 836, 838, 759 P.2d 459, *review denied,* 111 Wn.2d 1008 (1988). While a defendant normally cannot challenge a presumptive standard range sentence, the defendant can challenge the procedure by which a sentence within the standard range was imposed. *State v. Ammons,* 105 Wn.2d 175, 183, 718 P.2d 796, *cert. denied,* 479 U.S. 930 (1986). We review the trial court's calculation of an offender score *de novo. State v. McCraw,* 127 Wn.2d 281, 289, 898 P.2d 838 (1995).

Before 1995, the wash-out statute provided in relevant part:

> Class B prior felony convictions shall not be included in the offender score, if since the last date of release from confinement . . . the offender had spent ten consecutive years in the community without being *convicted of any felonies.*"

RCW 9.94A.360(2) (repealed 1995) (emphasis added). In 1995, the Legislature amended the statute to provide that a felony conviction shall not be included in the offender score only if "the offender had spent ten consecutive years in the community without committing *any crime that subsequently results in a conviction.*" RCW 9.94A.360(2) (effective July 1995).

■ ■ We are asked to decide whether the trial court erred by including the 1971 felony conviction in the offender score based on the 1995 amendment. The plain language of RCW 9.94A.360(2) indicates that the new wash-out provision applies to all prior Class B felony convictions, regardless of whether that felony would have been considered washed out under the previous law. And generally, the SRA statute governing at the time of sentencing is used to determine a defendant's presumptive standard range sentence. *See, e.g., In re Williams*, 111 Wn.2d 353, 360-61, 759 P.2d 436 (1988); *Johnson*, 51 Wn. App. at 839; *State v. Randle*, 47 Wn. App. 232, 240-41, 734 P.2d 51 (1987), *review denied*, 110 Wn.2d 1008 (1988). We therefore hold that the 1995 Amendment applies to all prior Class B felony convictions, regardless of whether the conviction was previously considered washed out.

Watkins argues to the contrary, reasoning that because the crime's wash-out provision was self-executing, meaning that no judicial action was required once the 10-year time period expired, the crime necessarily washed out forever. While perhaps logical, we find this argument unsupportable.

Watkins relies primarily on *State v. Hodgson*, 108 Wn.2d 662, 668, 740 P.2d 848 (1987), *cert. denied sub nom Fied v. Washington*, 485 U.S. 938 (1988), where the court held that when the Legislature extends a criminal statute of limitation, the new limitation period applies only to offenses not already time-barred when the new enactment became effective. *Hodgson*, 108 Wn.2d at 666-67. But the SRA is different because it is not punishing for the prior conduct; rather, the punishment is for the most recent

crime, even though prior offenses are taken into account. *See Randle*, 47 Wn. App. at 241.

■ Watkins also argues that a change in the SRA that results in an enhanced penalty for a new crime is unfair because the state is not fulfilling its end of the bargain. This is essentially an argument that the new law violates the ex post facto clause. Our courts have consistently rejected this argument in the context of the SRA. *See e.g., Williams*, 111 Wn.2d at 362-63; *Randle*, 47 Wn. App. at 240-41.

Finally, Watkins argues that the Sentencing Guidelines Commission Implementation Manual indicates that once a crime washes out, it can never be revived. In particular, Watkins cites the statement, "once a crime meets the 'wash out' test, it is always 'washed out[.]' " SENTENCING GUIDELINES IMPLEMENTATION MANUAL, SENTENCING GUIDELINES COMMISSION, at II-76 (1995). The language is not in the present statute. Moreover, the statement does not specify to what "the" refers: the present wash-out rules or prior ones. The statement was thus likely addressing other issues, such as ex post facto problems. In light of the plain language of the statute and the case law, we do not interpret this statement in the manner urged by Watkins, and we are not bound by it.

Affirmed.

GROSSE and AGID, JJ., concur.