[No. 35906-1-I. Division One. June 22, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. SABAS ESPENOZA CRUZ, *Appellant*.

*Eric J. Nielsen* and *Eric Broman* of *Nielsen, Broman & Associates, P.L.L.C.*; and *Nancy L. Talner,* for appellant.

*James H. Krider, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

AGID, A.C.J. — Sabas Cruz appeals from his sentence of life without the possibility of parole under the Persistent Offender Accountability Act (POAA), contending that the act was invalidly enacted and is unconstitutional because it violates the doctrine of separation of powers and the guarantee of a republican form of government. He also argues the act violates due process because it does not require the court to find his prior convictions beyond a reasonable doubt and violates equal protection because it includes attempted crimes as "most serious offenses." He further asserts the act was invalid as applied to him because his 1975 rape conviction washed out under former RCW 9.94A.360(2), and his guilty plea to that charge was unconstitutional. Finally, he contends his sentence is cruel and unusual because it is grossly disproportionate to his crime.

We reject his challenges to the POAA and hold that an attempted crime, while less serious than the same crime when it is completed, is not a separate category of crimes. Including attempts as "strikes" thus does not violate equal protection. We also hold that, by changing the wash-out provisions of the Sentencing Reform Act (SRA), the Legislature may revive a conviction that had washed out for sentencing purposes under an earlier version of the statute without violating the prohibition against ex post facto laws. Accordingly, we affirm the sentence.

## FACTS

Sabas Cruz was charged by amended information with one count of first degree rape of a six-year-old child. He waived jury and agreed to a stipulated trial. After review-

ing the police reports and affidavit of probable cause, the trial court found Cruz guilty.

At sentencing, the State sought life without possibility of parole under the POAA.[1] It introduced evidence that Cruz pleaded guilty to rape under former RCW 9.79.010 in 1975 and to attempted first degree burglary in 1989. Cruz argued the court should consider various mitigating circumstances before imposing a sentence of life without parole. He also contended the State failed to comply with the procedural requirements for persistent offender proceedings. After the State presented its evidence, he argued that the act (I-593) violated Washington Constitution, article 2, section 19's "single subject" rule and life without parole in his case would be cruel and unusual under both the state and federal constitutions. The court rejected his arguments. Based on the State's evidence, the court concluded Cruz's two prior convictions were "strikes" and sentenced him to life without parole.

## I. Validity of Initiative 593

Cruz contends I-593 is unconstitutional as enacted. He argues that the Attorney General's summary of the initiative in the voter's pamphlet failed to inform voters of several critical provisions and did not fairly summarize the SRA as it was written before the initiative. He also argues that the preamble to the ballot description was inflammatory and mischaracterized the initiative.

██ Cruz does not allege any specific constitutional violation. Rather, he argues the Legislature specifically gave the courts authority to invalidate an initiative if its presentation on the ballot is not a fair and unbiased summary of its purpose and effect.[2] Under RCW 29.79.060, courts may review the Attorney General's explanatory statement and determine whether it meets the requirements of that

---

[1]RCW 9.94A.120(4).

[2]*Philadelphia II v. Gregoire*, 128 Wn.2d 707, 911 P.2d 389, *cert. denied sub nom., Gravel v. Gregoire*, 519 U.S. 862 (1996).

chapter. But the statute sets out a specific procedure for challenging an explanatory statement. The objection must be raised in an appeal to the Thurston County Superior Court within five days after the statement is filed.[3] Once the appeal is filed, the court will determine whether the ballot title and summary provide a true and impartial statement of the measure's purpose and effect. Cruz did not use this procedure. Because he does not point us to a specific constitutional violation, he cannot raise this issue on appeal.[4]

■■ Cruz's next argument, that the POAA violates the separation of powers, is precluded by the recent decision in *State v. Thorne*.[5] He also argues that the act violates the guarantee of a republican form of government because it became law through the initiative process. This argument has likewise been rejected in *State v. Davis*.[6]

■ Cruz next contends the statute is procedurally defective because it only requires the court to find facts about prior convictions by a preponderance of the evidence. He argues that, because the life without parole sentence is above the maximum sentence range, it is akin to a sentence enhancement. The State must prove the facts supporting a

---

[3]RCW 29.79.060.

[4]*See Washington Fed'n of State Employees v. State*, 127 Wn.2d 544, 560, 901 P.2d 1028 (1995) (court declined to review challenge where no constitutional right was affected and petitioners failed to follow statutory procedures for challenging ballot title). Even if this court were to review Cruz's challenge, he has not established that the Attorney General's description misrepresented I-593's effect or was likely to create prejudice in favor of the initiative. He argues only that the description did not account for the initiative's effects in various cases. RCW 29.79.060 requires a clear and *concise* statement of the initiative's effect. Had the Attorney General introduced the detail Cruz argues for, the description would have been useless. As written, it does provide a fair general description of the law. He also argues that the Attorney General's statement was "highly inflammatory." But he does not say why the statement was inflammatory or point to any language which is either argumentative or likely to create prejudice in favor of the initiative. *See* RCW 29.79.040.

[5]129 Wn.2d 736, 768-69, 921 P.2d 514 (1996).

[6]133 Wn.2d 187, 191-92, 943 P.2d 283 (1997).

sentence enhancement beyond a reasonable doubt.[7] But life without possibility of parole under RCW 9.94A.120(4) is not a sentence enhancement. An enhancement is an act committed along with the crime which the Legislature concluded warrants increased penalties.[8] In contrast, it is the offender's criminal history, not the facts of the latest crime, which mandates a sentence beyond the top of the range under RCW 9.94A.120(4). When the trial court is only finding facts about an offender's criminal history and not about whether he is guilty of a crime, the preponderance of the evidence standard satisfies due process.[9]

## II. Wash-out Provisions

Cruz next contends that his 1975 guilty plea and rape conviction should not have been included as a strike because it "washed out" under former RCW 9.94A.360(2). He also argues the conviction was invalid because the plea form did not clearly state that he was advised of his right to remain silent.

In 1975, Cruz admitted he had sexual intercourse with a woman after she was threatened by another person. Cruz was charged and pleaded guilty to rape under former RCW 9.79.010. At that time, the maximum punishment was life imprisonment. The court sentenced Cruz to 20 years in prison. He was released in 1977. In 1989, he was convicted of attempted first degree burglary after he unlawfully entered his ex-wife's apartment and attempted to assault her. At that time, the trial court determined that Cruz's 1975 conviction was a class B felony. Under former RCW 9.94A.360, class B felonies washed out if the offender remained in the community for 10 years or more without

---

[7]*State v. Tongate*, 93 Wn.2d 751, 754-55, 613 P.2d 121 (1980).

[8]Enhancements include such things as committing a crime while armed with a deadly weapon or with sexual motivation or selling drugs in a school zone. They carry a specified penalty that is added to the sentence for the underlying crime and must be proved at trial in the same way as the underlying crime. *State v. Lewis*, 135 Wn.2d 239, 245, 955 P.2d 798 (1998).

[9]*Thorne*, 129 Wn.2d at 784.

any additional felony convictions. Based on this rule, the trial court did not consider the 1975 conviction in his criminal history. In 1990, the Legislature amended RCW 9.94A.360 to exclude sex offenses. The trial court in this case concluded that, under the amended law, Cruz's 1975 conviction should again be included in his criminal history. But Cruz argues that because "once a crime meets the 'wash out' test, it is always 'washed out' "[10] and can never again be considered in calculating criminal history, even if the wash-out provisions change.

■ ■ This court rejected a related argument in *State v. Watkins*.[11] Watkins had a 1971 conviction for burglary. Between 1971 and 1985, he was convicted of various misdemeanors. In 1985, he was convicted of another felony. At that time, the SRA provided that felony convictions washed out if the defendant remained in the community for 10 years without a felony conviction.[12] In accordance with that rule, the trial court calculated his offender score as zero for his 1985 conviction. In 1995, that provision was, like the one at issue here, amended. It now provides that the defendant must remain crime free, and convictions do not wash out if the defendant is convicted of either a felony or a misdemeanor.[13] In 1996, Watkins pleaded guilty to a violation of the Uniform Controlled Substances Act. The trial court included the 1971 conviction in his offender score, ruling that it was revived by the 1995 amendments. We agreed, holding that criminal history is determined under the version of the SRA in effect at the time of sentencing. Amendments to the wash-out provisions revive felonies which were previously washed out, unless the Legislature clearly

[10]STATE OF WASH. SENTENCING GUIDELINES COMM'N, ADULT SENTENCING GUIDELINES MANUAL 11-78 (1996).

[11]86 Wn. App. 852, 939 P.2d 1243 (1997).

[12]Former RCW 9.94A.360(2).

[13]RCW 9.94A.360(2).

states otherwise.[14]

 Cruz argues that the 1990 amendments to the wash-out rules cannot revive his 1975 conviction because the Legislature provided that the amendments apply only to crimes committed after July 1, 1990.[15] We generally presume that newly-enacted statutes and amendments act prospectively,[16] and we make that assumption here. And, as applied to Cruz, the amendment is prospective because it applies only to the crime for which he is presently being sentenced, rape of a child. Had he not committed another crime after 1989, the amendment would have had no effect on him at all. One of the express purposes of the SRA is to impose proportionate sentences, considering the crime and the offender's criminal history at the time of sentencing.[17] Consistent with that purpose, we apply an amendment reflecting legislative decisions about what crimes will be considered part of criminal history only to sentencing for future crimes. It would produce inconsistent sentences if we were to permanently wash out a crime even though the Legislature had changed the nature or extent of the wash-out provisions. It is not, after all, as if the wash-out means the crime was never committed. What the Legislature gave in the former wash-out provisions it may properly take away by amending them. Cruz's 1975 rape conviction was revived by the 1990 amendments to RCW 9.94A.360(2), and the trial court correctly included it in his criminal history. Because Cruz is being punished only for the present crime, including in his history of most serious offenses crimes which may have washed out under previous versions of the SRA does not render this an ex post facto law.[18]

 Cruz next argues his guilty plea to the 1975

---

[14]*Watkins*, 86 Wn. App. at 855.

[15]Laws of 1990, ch. 3, § 1406(5).

[16]*In re Personal Restraint of Shepard*, 127 Wn.2d 185, 193, 898 P.2d 828 (1995).

[17]*State v. Ritchie*, 126 Wn.2d 388, 391, 894 P.2d 1308 (1995).

[18]*Cf. State v. Angehrn*, 90 Wn. App. 339, 341-43, 952 P.2d 195, (1998) (application of POAA to third most serious crime not ex post facto law).

rape charge was constitutionally invalid because the plea form does not state that he was informed of his right to remain silent.[19] The court therefore should not have considered the conviction in determining his criminal history. The POAA is part of the SRA and subject to its procedures.[20] Under the SRA, the State does not have the burden of proving the constitutional validity of the prior convictions included in the defendant's criminal history.[21] Convictions which are constitutionally valid on their face can be included.[22] A plea form which plainly states that a defendant was not advised of all his constitutional rights renders the conviction invalid. But a plea which merely omits language stating he was advised of his rights does not.[23] Cruz argues that his description of the crime on the form shows that he was speaking freely without an understanding of his right to remain silent. But it is equally possible he was informed of the right and voluntarily waived it. Absent clear evidence on the face of the plea agreement showing the plea was constitutionally invalid, the court properly included the conviction in Cruz's criminal history.[24]

---

[19]A trial court cannot constitutionally accept a guilty plea unless it is satisfied that the defendant understands the plea and its consequences, including the waiver of basic constitutional protections such as the right to remain silent. *Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

[20]*State v. Manussier*, 129 Wn.2d 652, 682, 921 P.2d 473 (1996), *cert. denied*, 520 U.S. 1201 (1997).

[21]*State v. Ammons*, 105 Wn.2d 175, 187, 713 P.2d 719, 718 P.2d 796 (1986).

[22]*Id.* at 188.

[23]*Id.* at 189.

[24]Cruz argues that the State must prove every conviction included in his offender score is constitutionally valid, citing *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980). In that case, the court was considering the burden of proof in habitual offender proceedings under former RCW 9.92.090 which required three valid convictions. The POAA has no such requirement. Thus, the court's analysis in *Holsworth* is not relevant here.

### III. Attempted Crimes as "Strikes"

Cruz next contends that the POAA violates the state and federal equal protection clauses because it treats attempted crimes as "most serious offenses", or strikes. He argues that, because the State need prove only a substantial step to establish an attempt and the punishment for attempted crimes is less severe than for completed ones, it violates equal protection to treat people who have been convicted only of attempted crimes the same as those convicted of completed crimes.

 When a statutory classification does not affect a suspect class or a fundamental right, an equal protection challenge to the classification is reviewed under the rational relationship test.[25] Under that test, we consider whether the legislation applies equally to each member of the class, there are reasonable grounds to distinguish between those in and out of the class and the legislation bears a rational relationship to its purpose.[26] Applying this test to Cruz's argument, the law does not violate the equal protection clause. The Legislature, or in this instance, the people, may rationally conclude that an attempt to commit a violent crime is serious enough to be included in the category of "most serious offenses." Indeed, the POAA includes in this category numerous crimes with a variety of seriousness levels under the SRA. If we accepted Cruz's argument, all crimes except homicide, the most serious of all, could not be included as strikes under the act. He fails to provide us with any persuasive argument why the act cannot include in the class of most serious offenses all crimes that can rationally be viewed as serious offenses against society. The people could rationally conclude that attempted first degree burglary is just as serious as second degree assault and kidnapping, first degree incest or third degree rape. Each

---

[25]*Manussier,* 129 Wn.2d at 673 (equal protection challenge to the persistent offender statute affects physical liberty, an important but not fundamental right, and does not affect a suspect class).

[26]*Forbes v. City of Seattle,* 113 Wn.2d 929, 943, 785 P.2d 431 (1990).

of these crimes carries the same or lower standard range and seriousness level as attempted first degree burglary, and all are classified as most serious offenses under the POAA.[27]

## IV. Cruel and Unusual Punishment

■■ ■■ Cruz next contends that his sentence of life without the possibility of parole under the POAA is disproportionate and cruel, violating the Eighth Amendment to the United States Constitution and Washington Constitution, article I, section 14.[28] To decide whether a sentence is cruel and unusual under the Washington Constitution, this court considers "(1) the nature of the offense, (2) the legislative purpose behind the statute, (3) the punishment the defendant would have received in other jurisdictions, and (4) the punishment meted out for other offenses in the same jurisdiction."[29]

■■ Cruz has now been convicted of first degree rape of a child, rape and attempted first degree burglary. In each crime Cruz or an accomplice used or threatened to use force or violence against the victim. All three offenses are

---

[27]RCW 9.94A.030(23), .310, .320 and .410.

[28]The Washington Constitution is more protective than the Eighth Amendment. Thus, appellate courts consider first whether the state constitution bars the punishment. If it does not, the court need not consider the argument under the federal constitution. *Thorne*, 129 Wn.2d at 772-73.

[29]*State v. Rivers*, 129 Wn.2d 697, 713, 921 P.2d 495 (1996); *State v. Fain*, 94 Wn.2d 387, 397, 617 P.2d 720 (1980).

Cruz also argues that this four-factor test violates due process because it avoids an adequate proportionality review, citing *Harris ex rel. Ramseyer v. Blodgett*, 853 F. Supp. 1239, 1291 (W.D. Wash. 1994), *aff'd, Harris ex rel. Ramseyer v. Wood*, 64 F.3d 1432 (9th Cir. 1995). That case held that Washington's review of death penalty cases was unconstitutional because the statute failed to set out a clear standard for its proportionality review. Washington courts have rejected this position and held that appellate review of sentences under the Eighth and Fourteenth Amendments is adequate so long as it is sufficient to determine whether a sentence is excessive or disproportionate. The *Fain* factors address these issues directly. But Cruz argues the Supreme Court's analysis of these factors in *Manussier, Thorne*, and *Rivers* was flawed because it failed to address each factor in sufficient detail and provide adequate guidance on their application. The analysis of the *Fain* factors will vary depending on the facts of each case. Cruz does not establish that the analytical framework itself is so flawed that it violates due process.

most serious felonies under RCW 9.94A.030(23). The legislative purpose of the persistent offender statute is to segregate from the rest of society criminals who commit three offenses which are classified as "most serious" under the Sentencing Reform Act.[30] The punishment for Cruz's third conviction is similar to what would be imposed in many jurisdictions because an increasing number of states are adopting a similar sentencing scheme for felons convicted of a third serious offense.[31] His sentence is the same as that which any defendant convicted of three most serious offenses in Washington would receive. Cruz also argues that the life without parole sentence is cruel and unusual in his case because there are recognized mitigating factors present. While not binding on us in interpreting article I, section 14, we agree with the United States Supreme Court's holding expressly rejecting the argument that mitigating factors must be addressed in noncapital cases.[32] Moreover, as our Supreme Court has recognized " 'repetition of criminal conduct aggravates the guilt of the last conviction and justifies a heavier penalty.' "[33]

## V. Ineffective Assistance of Counsel

■ Finally, Cruz contends he was denied effective assistance of counsel because his trial attorney failed to investigate applicable law or make arguments to the sentencing court. The issues he alleges his attorney failed to present are the same as those presented in this appeal. To establish a claim of ineffective assistance of counsel, the defendant must show both that his trial counsel's representation was so deficient that it fell below an objective standard of reasonableness, and that the deficient representation prejudiced him so that there is a reasonable probability the result of the proceedings would have been dif-

---

[30]*Rivers*, 129 Wn.2d at 713.

[31]*Id.* at 714.

[32]*Harmelin v. Michigan*, 501 U.S. 957, 994-96, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991).

[33]*Manussier*, 129 Wn.2d at 677 (quoting *State v. Lee*, 87 Wn.2d 932, 937, 558 P.2d 236 (1976)).

404

ferent.[34] We have rejected the issues Cruz has raised on appeal. A fortiori, his ineffective assistance of counsel claim must also fail because he cannot establish that his attorney's performance was below an objective standard of reasonableness.

Affirmed.

BAKER and COX, JJ., concur.

Review granted at 137 Wn.2d 1008 (1999).

[34]*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).