[No. 21941-7-II.   Division Two.   March 5, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL WALTER WOOD, *Appellant*.

*Todd R. Renda*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney, Barbara L. Corey-Boulet, Deputy*, and *Alicia M. Swanlund, Appellate Intern*, for respondent.

SEINFELD, J. — Michael Wood challenges the trial court's

severance of his case from that of his co-defendant's, claiming that the court violated CrR 4.4(c)(2). He also argues that the trial court improperly calculated his offender score by refusing to "wash out" three prior felony convictions. Regarding the severance issue, we conclude that the trial court severed the case "before trial" and, thus, did not need Wood's consent. Regarding the offender score issue, we conclude that the reasoning of *State v. Watkins*, 86 Wn. App. 852, 939 P.2d 1243 (1997) controls. Thus, we affirm.

## FACTS

The police arrested Wood after observing him participating in a controlled drug buy with a confidential informant. Jeremy Armour, Wood's co-defendant, rode with Wood to the parking lot where the drug transaction occurred, but he was inside the adjacent store during Wood's meeting with the informant.

Armour returned to the car after the informant left. He and Wood drove away from the parking lot but the officers immediately stopped the vehicle. In the subsequent search, the police found guns, a scale, the buy money in Wood's wallet, and a shoulder holster on Armour.

The State charged Wood with two counts: unlawful delivery of a controlled substance while armed with a firearm and second degree unlawful possession of a firearm. In the same information, the State charged Armour with first degree unlawful possession of a firearm.

On the morning of the scheduled trial date, Armour's counsel moved to withdraw because of a conflict of interest. She had just recently discovered the identity of the police informant, whom she had represented on two prior occasions. She said that substitute counsel would need a continuance to prepare for trial.

The State moved to sever the charges so that trial against Wood could proceed. Wood opposed the State's motion, arguing only that severance was not in the court's best interest. The court granted the State's motion.

That afternoon, when the trial began before a different judge, Wood asked the court to again consider the severance ruling, this time arguing that he sought to preserve joinder so he could benefit by certain out-of-court statements made by co-defendant Armour. The trial court refused to reconsider the earlier ruling. It also ruled that Armour's statements were inadmissible hearsay.

The jury convicted Wood of both charges, and on April 9, 1997, the court sentenced Wood based on an offender score that included his 1980 and 1984 felony convictions. Wood appeals both his conviction and his sentence.

## DISCUSSION
### I. SEVERANCE: CrR 4.4(c)(2)

Wood argues that the State made its motion to sever "during trial" and, therefore, the court could not grant the motion without his consent. CrR 4.4(c)(2)(ii). In the alternative, Wood contends that the court erred in granting severance under CrR4.4(c)(2)(i) because severance was not necessary to protect his right to a speedy trial or to promote a fair determination of guilt or innocence.

■ Under CrR 4.4(c)(2), the prosecuting attorney or the defendant may move for discretionary severance of jointly charged defendants.[1] The trial court *should* grant severance whenever

> (i) if before trial, it is deemed necessary to protect a defendant's rights to a speedy trial, or it is deemed appropriate to promote a fair determination of the guilt or innocence of a defendant; or

> (ii) if during trial upon consent of the severed defendant, it is deemed necessary to achieve a fair determination of the guilt or innocence of a defendant.

CrR 4.4(c)(2). The burden is on the moving party to come forward with facts sufficient to warrant the exercise of

---

[1] CrR 4.4(c)(1) specifies those circumstances where severance is mandatory.

discretion in his or her favor. *State v. Alsup*, 75 Wn. App. 128, 131, 876 P.2d 935 (1994).

■ Appellate courts review a trial court's grant or denial of a motion to sever jointly charged defendants for a manifest abuse of discretion. *State v. Dent*, 123 Wn.2d 467, 483, 869 P.2d 392 (1994); *State v. Grisby*, 97 Wn.2d 493, 507, 647 P.2d 6 (1982). To support a claim that the trial court abused its discretion, the defendant must be able to point to specific prejudice. *Alsup*, 75 Wn. App. at 131.

■ Here, there are several sound reasons that support the trial court's ruling. First, the State made its motion "before trial," not "during trial," and, thus, the court did not need the "severed" defendant's consent.[2] Although in some contexts an action on the day of trial is not considered to be "before trial," those situations are distinguishable.[3]

Here, voir dire had not commenced; prospective jurors had not even been brought to the court room. Trial did not start until that afternoon in a different judicial department. We see no basis in the language of the rule or in policy to conclude that the State made its motion "during," as opposed to "before," trial. Thus, we apply CrR 4.4(c)(2)(i).

■ Second, Wood has not demonstrated prejudice. The separate trial of co-defendants does not implicate the constitutional rights at stake when co-defendants are tried

---

[2]Although it appears that Armour, not Wood, was the "severed defendant" under CrR 4.4(c)(2)(ii), we need not decide this issue.

[3]In *State v. Hernandez*, 58 Wn. App. 793, 797, 794 P.2d 1327 (1990), the court held that under CrR 4.4(a)(1), a defense motion for severance brought on the day of trial was not made "before trial." *Accord State v. Harris*, 36 Wn. App. 746, 749, 677 P.2d 202 (1984). But CrR 4.4(a)(1) deals only with the timeliness of "a *defendant's* motion for severance" and provides that such motion must be made *before trial* except where "the interests of justice require" otherwise. Absent a timely motion, "severance is waived." CrR 4.4(a)(1). Here, we do not have a defense motion for severance; thus, waiver under CrR 4.4(a)(1) is not applicable. Further, the interests of justice support the timing of the State's motion on the morning of the day scheduled for trial.

jointly.[4] And the other circumstances that often create prejudice when defendants are joined are not applicable here.[5] *See State v. Jones*, 93 Wn. App. 166, 171-72, 968 P.2d 888 (1998) (prejudice may be inferred if the quality and complexity of evidence make it impossible for the jury to relate it to each defendant, or if there is a gross disparity in the weight of evidence against each defendant).

Wood claims prejudice based upon his inability to introduce at his trial statements that Armour made to the detective. We find this argument unpersuasive. First, Armour's statements were not exculpatory. Further, Wood has not assigned error to the trial court's ruling that Armour's statements were inadmissible hearsay, and he provides no authority for the proposition that he has the right to present exculpatory evidence that does not otherwise comply with the rules of evidence. *See Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973) (a defendant espousing his right to present evidence in his own defense must comply with established rules of evidence).

---

[4]For example, one defendant's Fifth Amendment privilege against self-incrimination may be pitted against a co-defendant's Sixth Amendment right to confrontation when such defendants advance conflicting and irreconcilable defenses. *See United States v. Lemonakis*, 485 F.2d 941, 951-52 (D.C. Cir. 1973). And there may be a threat to a defendant's right to confront adverse witnesses when the trial court admits out-of-court statements of a nontestifying co-defendant that incriminate the moving defendant. *See Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968).

[5]In any event, the burden of showing specific prejudice from a joint trial is difficult to sustain. *See, e.g., Dent*, 123 Wn.2d at 484-85 (not error to deny defendant's motion for discretionary severance despite two-month trial delay and use of incriminating but admissible statements by a co-defendant); *State v. Jones*, 93 Wn. App. 166, 968 P.2d 888 (1998) (not error to deny defendant's discretionary severance motion despite admission of co-defendant's prior convictions for the charged offense because such evidence did not directly implicate the movant and thus was not "powerfully incriminating"); *Alsup*, 75 Wn. App. at 131-32 (not error to deny defendant's discretionary severance motion despite use of movant's confession redacted by the court to be less incriminating to a co-defendant); *State v. McKinzy*, 72 Wn. App. 85, 90, 863 P.2d 594 (1993) (defenses that are merely inconsistent but not mutually exclusive do not require severance of jointly charged defendants); *State v. Brown*, 45 Wn. App. 571, 577, 726 P.2d 60 (1986) (defendant failed to point to specific prejudice necessary to establish an abuse of discretion); *State v. McDonald*, 40 Wn. App. 743, 749, 700 P.2d 327 (1985) (no abuse of discretion where defendant fails to point to specific prejudice).

■ Finally, we find no support for Wood's suggestion that a defendant should be able to require joinder by asserting the State's interest in judicial economy, the traditional rationale for permissive joinder of defendants under CrR 4.3. ROYCE A. FERGUSON, JR., WASHINGTON CRIMINAL PRACTICE AND PROCEDURE, ch. 17, § 1707, at 342-43 (1997). Because the prosecution and the courts often save time, personnel, and resources by having a single, rather than multiple trials, where joinder is proper under CrR 4.3, discretionary severance generally is appropriate only when necessary to avoid prejudice to the defendant from a joint trial. *Grisby*, 97 Wn.2d at 506-07 (separate trials are not favored); *Jones*, 93 Wn. App. at 171 (defendant has burden of demonstrating that prejudice from a joint trial outweighs concerns for judicial economy); *see also State v. McKinzy*, 72 Wn. App. 85, 89, 863 P.2d 594 (1993) (preference for severance where necessary to protect a defendant's right to speedy trial may be tempered by considerations of judicial economy).

■ But the criminal joinder rule sets forth only those circumstances when the State *may* join two or more defendants. CrR 4.3(b). Because the rule is permissive, it does not require joinder when circumstances arising after the charging decision warrant a later severance. *See Alsup*, 75 Wn. App. at 131 (party moving for severance bears burden of demonstrating it is warranted).

■ Here, the State acknowledged that "[i]t would be more efficient to try the matters together," but nonetheless sought severance because a continuance of Wood's case would result in "extreme prejudice to the State." Armour's counsel had only recently discovered her conflict of interest, the confidential informant was then in custody, and the deputy prosecutor assigned to Wood's case was leaving the prosecutor's office in a couple of weeks. These circumstances indicating prejudice to the State were sufficient to warrant severance.

Where, as here, the defendant is unable to demonstrate prejudice from severance and the State can demonstrate

prejudice from joinder, the trial court does not abuse its discretion in severing the trial of jointly charged defendants on the morning of trial before the trial has commenced.

## II. Sentencing: Wash-Out Provisions

Effective July 23, 1995, the Legislature amended RCW 9.94A.360(2), which at the time Wood committed his current offenses provided in pertinent part:

Class C prior felony convictions other than sex offenses shall not be included in the offender score, if since the last date of release from confinement . . . pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing *any crime* that subsequently results in a conviction.

(Emphasis added.) Thus, when the trial court sentenced Wood for his current offenses it included in his offender score his 1980 and 1984 felony convictions.[6]

Wood contends that this was error because these felonies were previously "washed out" under former RCW 9.94A-.360(2).[7] He supports this position by arguing for application of the rule of lenity and by relying on a statement in the 1996 Adult Sentencing Guidelines Manual that "[o]nce a crime meets the wash out rules, it is always washed out." State of Wash. Sentencing Guidelines Comm'n, Adult Sentencing Guidelines Manual (1996). Wood also argues that the inclusion of his 1980 and 1984 felonies in his offender score violates the constitutional prohibition against ex post facto laws.

▇▇▇▇▇ Division One considered similar arguments in *State v. Watkins*, 86 Wn. App. 852, 939 P.2d 1243 (1997).

---

[6]Wood had misdemeanor convictions in 1988, 1989, 1992, and 1994, but had no felony convictions between 1984 and 1995.

[7]Former RCW 9.94A.360(2) (1986) provided in pertinent part: "Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement . . . pursuant to a felony conviction, if any, or entry of judgment or sentence, the offender had spent five consecutive years in the community without being convicted of any *felonies*." (Emphasis added.)

*See also State v. Cruz*, 91 Wn. App. 389, 398-99, 959 P.2d 670 (1998) (sex offense formerly washed out is revived under 1990 amendment to RCW 9.94A.360). The *Watkins* court rejected these arguments. We find its reasoning persuasive.

In *Watkins*, the defendant had been convicted of a class B[8] felony in 1971 and another felony in 1985; he was convicted of misdemeanors between these two felonies. 86 Wn. App. at 854. Watkins argued that because the former statute's wash-out provision was self-executing, his prior felony necessarily washed out forever. *Watkins*, 86 Wn. App. at 855. He also relied on language in the SENTENCING GUIDELINES MANUAL suggesting that once a crime washes out, it can never be revived. *Watkins*, 86 Wn. App. at 855.

The *Watkins* court held that the sentencing court must determine criminal history based upon the version of the SRA in effect at the time of sentencing. 86 Wn. App. at 855-56. The *Cruz* and *Watkins* courts also rejected the argument that the amended statute violates the ex post facto clause. *Cruz*, 91 Wn. App. at 399; *Watkins*, 86 Wn. App. at 855-56. Because *Cruz* and *Watkins* are consistent with the statutory language and dispositive here, we affirm the trial court's calculation of Wood's offender score.

We affirm.

BRIDGEWATER, C.J., and ARMSTRONG, J., concur.

---

[8]Under former RCW 9.94A.360(2) (1986), a defendant had to be felony free for 10 years to wash out a Class B felony and, after the 1995 amendment, crime free for 10 years.