FILED
COURT OF APPEALS
DIVISION II

2014 DEC -2 AM 8:57

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44467-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JUSTIN MICHAEL HUBBARD, | |
| Appellant. | |

BJORGEN, A.C.J. — A jury found Justin Michael Hubbard guilty of first degree theft, second degree possession of stolen property, and unlawful possession of a stolen vehicle. Hubbard was tried with co-defendant, Ashley Burmeister.[1] Hubbard appeals his convictions, arguing that the trial court erred by denying his motion to sever the trials. We disagree and affirm Hubbard's convictions.

## FACTS

Early in the morning of December 29, 2010, Officer Jeffrey Robillard of the Tacoma Police Department suspected Hubbard and Burmeister were in possession of a stolen motorcycle and a stolen trailer. Officer Robillard observed the motorcycle was registered as a Harley Davidson, but most parts were stamped "Independence Motorcycle Company." Report of Proceedings (RP) (Nov. 13, 2012) at 216. Officer Robillard also noticed the trailer was registered as an old, small, home-built trailer, but Burmeister's trailer appeared newer, larger, and was recently repainted. The motorcycle and trailer were both registered in Burmeister's name. During the ensuing investigation, Burmeister explained to Detective Kenneth Viehmann that the motorcycle and trailer were Hubbard's, but they were registered in her name because Hubbard's license was

---

[1] Burmeister was found not guilty and, therefore, is not a party to this appeal.

suspended and she was doing him a favor. Hubbard told Detective Viehmann that they bought the trailer and motorcycle from private sellers and did not know either were stolen.

The State charged Hubbard with first degree theft, second degree possession of stolen property, and unlawful possession of stolen vehicle. The State charged Burmeister with two counts of making false statement or illegal transfers, and possessing a stolen vehicle. Hubbard's case was joined with Burmeister's. Burmeister's defense was lack of knowledge, arguing Hubbard asked her to register the vehicles for him because of his suspended license. Hubbard asserted general denial. Prior to trial, Burmeister moved to admit evidence of Hubbard's license suspensions to support her assertion that she registered the motorcycle and trailer to help Hubbard. However, Burmeister moved to exclude evidence of Hubbard's electronic home monitoring status, arguing the evidence concerned prior bad acts that would lead the jury to conclude Burmeister was aware of Hubbard's criminal history. The trial court ruled the evidence was admissible so long as the evidence was properly introduced. The parties agreed to enter a stipulation as to Hubbard's home monitoring status.

The State then moved to admit evidence of a March 2008 incident during which Hubbard and Burmeister attempted to sell a stolen Mazda truck. Hubbard objected. The trial court allowed the evidence under ER 404(b) to show absence of mistake or accident, knowledge, and common scheme or plan. The trial court also made an explicit written finding that the evidence was more probative than prejudicial because it "directly goes to the heart of the defenses raised by the defendants." Clerk's Papers (CP) at 19.

2

In addition, the State moved to admit the statements that Hubbard and Burmeister made during the investigation of the motorcycle and trailer. After a CrR 3.5 hearing, the trial court determined that Hubbard's and Burmeister's statements were admissible at trial.

Hubbard moved to sever the trials arguing that he was prejudiced by a joint trial due to mutually antagonistic defenses. Hubbard argued that a joint trial was prejudicial because the evidence of the 2008 incident, his license suspension, and his home monitoring status should not be admitted against him under ER 403 and ER 404(b). The trial court denied Hubbard's motion to sever.

At trial, evidence was introduced consistent with the trial court's orders. The trial court gave the following limiting instructions:

Instruction No. 6
You may consider a statement made out of court by one defendant as evidence against that defendant, but not as evidence against another defendant.

Instruction No. 9
Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of oral testimony and written exhibits of events of March 22, 2008 regarding a Mazda pickup truck. This evidence may be considered by you only for the purpose of determining the knowledge of a defendant. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

CP at 76, 79. The jury found Hubbard guilty of first degree theft, second degree possession of stolen property, and unlawful possession of a stolen motor vehicle. Hubbard appeals.

ANALYSIS

Hubbard argues that the trial court erred by denying his motion to sever his trial from Burmeister's trial. He argues that a joint trial was manifestly prejudicial to him because (1) the State was able to introduce evidence of prior bad acts that would not have been admissible

3

against him in a severed trial, and (2) he and Burmeister presented mutually antagonistic defenses. Hubbard, however, has not demonstrated any prejudice resulting from the admission of the alleged prior bad acts, and he and Burmeister did not present mutually antagonistic offenses. Therefore, we affirm the trial court.

CrR 4.4(c) governs the trial court's decision to sever trials for co-defendants. The trial court should sever trials when severance "is deemed appropriate to promote a fair determination of the guilt or innocence of a defendant." CrR 4.4(c)(2)(i). We review a trial court's decision on a motion for severance for abuse of discretion. *State v. Canedo-Astorga*, 79 Wn. App. 518, 527, 903 P.2d 500 (1995) (citing *State v. Phillips*, 108 Wn.2d 627, 640, 741 P.2d 24 (1987)). "The defendant has the burden of demonstrating that a joint trial was so manifestly prejudicial as to outweigh the concern for judicial economy." *Canedo-Astorga*, 79 Wn. App. at 527. The defendant must show a specific prejudice to meet his burden. *Canedo-Astorga*, 79 Wn. App. at 527.

## I. ADMISSION OF PRIOR BAD ACTS

Hubbard points to two specific pieces of evidence that he claims would not have been admissible against him if the trial court had granted his motion to sever trials. First, he points to the 2008 incident involving the stolen Mazda. This argument lacks merit. The trial court ruled that the 2008 incident was admissible against both defendants for the purposes of absence of mistake or accident, knowledge, and common scheme or plan. Accordingly, the evidence involving the 2008 incident would have been admissible in a separate trial and is not a basis for

4

No. 44467-4-II

severing the trials.[2]

Second, Hubbard points to the evidence regarding his prior license suspensions and his electronic home monitoring status. Assuming that evidence of Hubbard's prior license suspensions would not have been admissible in a separate trial, Hubbard fails to demonstrate a specific prejudice resulting from the admission of his prior license suspensions and monitoring status. Evidence of prior bad acts is inadmissible "to prove the character of a person in order to show action in conformity therewith." ER 404(b). Here, at worst, the evidence of Hubbard's "other crimes, wrongs, or acts" demonstrates a propensity to have a suspended license. ER 404(b). Hubbard was not on trial for having a suspended license and having a suspended license is unrelated to the crimes with which Hubbard was charged (theft, possession of stolen property, and possession of a stolen vehicle). *See State v. Acosta*, 123 Wn. App. 424, 435, 98 P.3d 503 (2004) (holding prejudice from evidence that defendant had previously committed the same crimes for which he was on trial outweighed any probative value). The evidence regarding Hubbard's suspended license does not demonstrate a propensity to commit theft or possess stolen property; therefore, Hubbard has failed to demonstrate specific prejudice resulting from a joint trial in which

---

[2] Based on Hubbard's assignments of error, it appears he attempts to challenge the trial court's ER 404(b) ruling. Br. of App. at 1 ("The trial court erred when it concluded in its written Findings of Fact and Conclusions of Law that evidence that Justin Hubbard and his co-defendant possessed a stolen vehicle in 2008 directly goes to the heart of the defenses raised by the defendants."). However, in his brief Hubbard fails to offer any argument or authority supporting this assignment of error. Accordingly, we need not address the issue. RAP 10.3(a)(6). In addition, Hubbard's issue is limited to the assertion that the trial court erred because its written order conflicts with its oral ruling. Our use of a trial court's oral ruling is limited to interpreting an ambiguous written ruling; when a trial court's written ruling is unambiguous, we may not turn to the trial court's oral ruling. *State v. Hescock*, 98 Wn. App. 600, 605-06, 989 P.2d 1251 (1999). Because the trial court's written order regarding the admissibility of the 2008 incident is unambiguous, we do not consider the trial court's oral ruling.

5

his co-defendant Burmeister was permitted to introduce evidence that Hubbard's license was suspended at the time she registered the vehicles.

Hubbard also contends that the admission of evidence he was on electronic home monitoring at the time of the alleged offense was so prejudicial it warranted a separate trial. We disagree. Electronic home monitoring status, especially related to the license suspensions, does not demonstrate a propensity for committing the offenses with which Hubbard was charged. Accordingly, any prejudice resulting from admission of evidence establishing Hubbard was on electronic home monitoring was outweighed by the need for judicial economy.

## II. MUTUALLY ANTAGONISTIC DEFENSES

Hubbard also argues that a joint trial was manifestly prejudicial because he and Burmeister presented mutually antagonistic defenses. Mutually antagonistic defenses "may on occasion be sufficient to support a motion for severance, but this is a factual question which must be proved by the defendant. It does not represent sufficient grounds as a matter of law." *State v. Grisby*, 97 Wn.2d 493, 508, 647 P.2d 6 (1982). "We rarely overturn a trial court's denial of a motion to sever on the basis of mutually exclusive defenses, even when one defendant tries to blame another." *State v. Johnson*, 147 Wn. App. 276, 285, 194 P.3d 1009 (2008). As we have explained:

> "The mere existence of antagonism between defenses 'or the desire of one defendant to exculpate himself by inculpating a codefendant. . .is insufficient to [compel separate trials].'" *In re Personal Restraint of Davis*, 152 Wn.2d 647, 712, 101 P.3d 1 (2004) (quoting *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996)). Rather, the defendant must "'demonstrate[] that the conflict is so prejudicial that . . . the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" *Grisby*, 97 Wn.2d at 508, 647 P.2d 6 (quoting *United States v. Davis*, 623 F.2d 188, 194-95 (1st Cir. 1980)). For defenses to be irreconcilable, they must be "mutually exclusive to the extent that one [defense] must be believed if the other [defense] is disbelieved." *State v. McKinzy*, 72 Wn. App. 85, 90, 863 P.2d 594 (1993).

6

No. 44467-4-II

*Johnson*, 147 Wn. App. at 284-85 (alterations in original).

Here, Hubbard denied any involvement in the theft or any knowledge the property was stolen. Burmeister claimed that she did not know the vehicles were stolen and pointed to Hubbard as the one who stole the vehicles. These defenses are not mutually antagonistic. It is possible for the jury to determine that neither defendant knew that the vehicles were stolen. More to the point, believing Burmeister's defense of lack of knowledge did not require the jury to find that Hubbard stole the vehicles. Accordingly, Hubbard has failed to demonstrate specific prejudice resulting from mutually antagonistic defenses.

Hubbard has failed to show that manifest prejudice resulted from a joint trial. Therefore, he has not met his burden to show that the trial court abused its discretion by denying his motion to sever the trials. We affirm Hubbard's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.
BJORGEN, A.C.J.

We concur:

Worswick, J.
WORSWICK, J.

Lee, J.
LEE, J.

7