[No. 13944–4–I.   Division One.   May 6, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE
JUNIOR McDONALD, *Defendant,* HENRY LEON
DEAN, *Appellant.*

*Allan B. Ament,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Greg R. Hubbard, Deputy,* for respondent.

Scholfield, J.—Henry Leon Dean appeals his conviction for first degree robbery, alleging that the trial court erred in allowing his in–court identification and in refusing to sever his trial from the trial of his codefendant.

## Facts

Richard Pettersen was walking in downtown Seattle at about 9 p.m. on July 18, 1983, when a man spoke to him and then grabbed his arm and requested that he go with the man down an alley. Pettersen refused. A second man joined the first. The first man pulled a knife. The two men marched Pettersen across the street to the entrance of an alley. At that point, Pettersen removed his wallet and tossed it into the entrance to the alley. The men picked up the wallet, removed the money, returned the wallet to Pettersen, and then left.

A lineup was held on July 19, 1983, at 7 p.m. (approximately 22 hours after the crime). Pettersen viewed the lineup and picked persons No. 6 (George McDonald—the codefendant) and No. 4 (Carl Phillips). Pettersen failed to identify Dean, who was No. 3 in the lineup.

After the lineup, Pettersen was advised by Detective Trettevik of the Seattle Police Department that the two subjects arrested following his robbery were the No. 6 and No. 3 persons in the lineup. Trettevik testified that Pettersen then told him that in his mind, it was a "toss up" between No. 3 and No. 4, and that he had picked No. 4 because of the nervousness he had exhibited at the time he entered the room. Trettevik also testified that, following the lineup, he showed Pettersen the clothing worn by the suspects when arrested and the knife allegedly used. He testified that Pettersen positively identified the clothing and the knife.

At a suppression hearing held on September 19, 1983, regarding Pettersen's tentative identification of Dean, the trial court held that the dialogue between the detective and Pettersen following the lineup was impermissibly suggestive and would be suppressed. This ruling included Pettersen's

response to Detective Trettevik that it was a "toss up" in his mind between No. 3 and No. 4. However, the trial court also held that it would not suppress the identification of the clothing and the knife by Pettersen and that any in–court identification of Dean by Pettersen would be allowed.

Counsel for Dean then made a motion for a separate hearing to determine whether, if Pettersen attempted to make an in–court identification of Dean, he had an independent basis for the in–court identification. Counsel also pointed out to the trial court that Pettersen, while sitting in the hallway outside the courtroom, had seen McDonald and Dean brought to the courtroom door in handcuffs by police officers. The trial court denied counsel's motion for a separate hearing.

At trial, Pettersen identified both McDonald and Dean as the persons who had robbed him; however, he did not indicate that his in–court identifications were based solely upon his observations of the men at the time of the crime and were uninfluenced by the statement by Detective Trettevik and the observation of the men before trial in handcuffs.

### In–Court Identification

Dean contends that the admission of his in–court identification by Pettersen violated due process because this evidence was unreliable.

In *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967), a companion case to *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967) and *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951 (1967), in which the Court recognized the right to counsel at post–indictment lineups, the Court held that the admission of a witness' identification evidence may also violate a defendant's right to due process of law. The Court held that it must be determined whether, considering "the totality of the circumstances", the confrontation between the witness and the defendant was "unnecessarily suggestive and conducive to irreparable mis-

taken identification". *Stovall,* at 302. The Court later explained that when the issue is whether a witness may make an in–court identification after an earlier identification, it must be determined whether the earlier identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968).

We agree with the trial court that Detective Trettevik's statement to Pettersen after the lineup was impermissibly suggestive.[1] He *literally* told Pettersen, "*This* is the man." *Foster v. California,* 394 U.S. 440, 443, 22 L. Ed. 2d 402, 89 S. Ct. 1127 (1969). In addition, Pettersen did see Dean being transported to the courtroom in handcuffs before trial.

Impermissible suggestiveness in an identification procedure, alone, does not constitute a violation of due process, however. The procedure must have created "a very substantial likelihood of irreparable misidentification." *Simmons,* at 384. The issue is whether the witness' identification is reliable. *Manson v. Brathwaite,* 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243 (1977). If the identification evidence possesses certain indications of reliability, its admission will be permitted despite impermissible suggestiveness. *Manson,* at 110. The "corrupting effect of the suggestive identification" is to be weighed against factors indicating reliability. *Manson,* at 114. These factors include:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

---

[1]The State has not challenged the trial court's conclusion. *See* Brief of Respondent, at 5–6.

*Neil v. Biggers,* 409 U.S. 188, 199–200, 34 L. Ed. 2d 401, 93 S. Ct. 375 (1972); *Manson,* at 114.

The application of these factors to this case does not support the conclusion that Pettersen's in–court identification was reliable. First, Pettersen's opportunity to view the criminal at the time of the crime was limited. Pettersen testified that the whole incident took "five or six minutes . . . Maybe not that long." He also acknowledged that for possibly 2 or 3 minutes of that time, the criminal was "somewhat behind me, so not always in my line of sight", while the two men marched Pettersen across the street to the entrance of the alley. Pettersen also testified that the criminal "may have had a mustache" at the time of the robbery. He admitted that he used the word "may" because he was uncertain. Thus, Pettersen directly observed the suspect for, at most, 2 or 3 minutes and did not observe him closely enough to determine whether or not he wore a mustache.

Second, Pettersen's initial description of the criminal's clothing was inaccurate. Pettersen first described Dean as wearing jeans and a blue, short–sleeved polo shirt. As established at trial, Dean was arrested wearing khaki pants and a long–sleeved, button–down shirt.

Finally, the factors of the level of certainty demonstrated by Pettersen at the confrontation and the length of time between the crime and the confrontation are inapplicable because Pettersen picked the wrong person at the lineup. There can be no stronger demonstration of his inability to make an accurate identification. The lineup was conducted only 22 hours after the robbery. Although Dean was in the lineup, Pettersen selected McDonald, Dean's codefendant, and another person. His selection of codefendant McDonald from the same lineup suggests there is no reason for his failure to identify Dean other than an inability to do so.

Considering all of the circumstances of this case, there is "a very substantial likelihood of irreparable misidentification." *Simmons,* 390 U.S. at 384. Dean's conviction is

reversed and the case remanded for new trial, at which Pettersen's in–court identification of Dean will be inadmissible.[2]

## SEVERANCE

Dean also assigns error to the trial court's denial of his motion to sever his trial from the trial of McDonald. Dean contends in very general terms that the denial of severance somehow impaired his right of cross examination. He cites CrR 4.4(c)(2)(ii),[3] which requires severance when "it is deemed necessary to achieve a fair determination of the guilt or innocence of a defendant."

The granting or denial of a motion for severance is discretionary with the trial court. *State v. Grisby*, 97 Wn.2d 493, 507, 647 P.2d 6 (1982), *cert. denied*, 459 U.S. 1211 (1983). To establish an abuse of that discretion, the defendant must be able to point to specific prejudice. *Grisby*, at 507.

We fail to see how the failure to sever restricted or

---

[2]Dean has requested only that the case be remanded to the trial court for a hearing to assess the reliability of Pettersen's in–court identification. We reject this disposition of the case because, even if Pettersen were to testify that his identification at trial had been based solely upon his observations made at the scene of the crime, this testimony could not outweigh the fact that he failed to identify Dean, and picked another person, only 22 hours after the crime. A hearing would be pointless. Under all of the circumstances, any identification by Pettersen would be so unreliable that its admission would violate due process. *See* RAP 12.2; *Foster v. California*, 394 U.S. 440, 22 L. Ed. 2d 402, 89 S. Ct. 1127 (1969) (case remanded for determination of whether due process violation was harmless error; if new trial ordered, in–court identification apparently to be suppressed); *United States v. Dailey*, 524 F.2d 911 (8th Cir. 1975) (remand for new trial based in part on due process violation; in–court identification apparently to be suppressed); *Marshall v. Rose*, 499 F.2d 1163 (6th Cir. 1974) (witness' statement at hearing that identification was based upon observations made at the scene of the crime not conclusive).

[3]CrR 4.4(c)(2)(ii) provides:

"(2) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (i), should grant a severance of defendants whenever: . . .

"(ii) if during trial upon consent of the severed defendant, it is deemed necessary to achieve a fair determination of the guilt or innocence of a defendant."

impeded Dean's right of cross examination. Dean's brief does not point to any specifics in this respect. Because Dean has failed to demonstrate prejudice to his defense by the presence of McDonald as codefendant, we find this assignment of error to be without merit.[4]

Reversed and remanded.

CORBETT, C.J., and WEBSTER, J., concur.

---

[4]Our grant of a new trial on the identification issue would ordinarily make consideration of this issue unnecessary. We have disposed of it, however, because McDonald has also appealed his conviction.