HAWKINS, Presiding Justice,
for the Court:
Danny Singleton appeals from his conviction of armed robbery, with over two previous convictions, and sentence as a habitual offender to thirty-five (35) years with the Mississippi Department of Corrections.
The only issue we address on this appeal is whether a jury verdict convicting him of armed robbery when he was indicted for attempted armed robbery vitiated his conviction. Finding no error, we affirm.
FACTS
Edward H. Currie, M.D., and his wife were away from their home in Gulfport on the evening of September 22, 1983. He and his brother-in-law, Wesley Van Burén, returned to Dr. Currie’s home momentarily that evening, where they found Singleton in the process of burglarizing the house. Singleton pulled a revolver on Dr. Currie and Van Burén and, under threat of shooting him, demanded the doctor open his safe. Dr. Currie did not know the combination, and Singleton let him telephone Mrs. Currie. During their ordeal, Dr. Currie noticed Singleton lapsed momentarily and grabbed him. In the scuffle the revolver was taken from Singleton and Dr. Currie got his own pistol. Singleton was finally apprehended after attempting to escape through a bathroom.
Singleton was indicted by the grand jury of the First Judicial District of Harrison County of attempted armed robbery with the revolver, and as a recidivist, he having been convicted of previous felonies in Texas and Louisiana.
Following trial the Court gave the following instruction to the jury (Vol. Ill, p. 496):

INSTRUCTION NO. C. 17

The Court instructs the Jury that your verdict should be written on a separate piece of paper, need not be signed and may be in one of the following forms:
If you find the defendant guilty and set punishment:
“We, the jury, find the defendant guilty of Attempted Armed Robbery and set punishment at Life Imprisonment.”
If you find the defendant guilty and cannot agree on punishment:
“We, the jury, find the defendant guilty of Attempted Armed Robbery.”
If you find the defendant not guilty: “We, the jury, find the defendant not guilty.”
After deliberating the jury returned the following verdict into open court:
We, the jury, find the defendant guilty of Armed Robbery.
The judgment of conviction entered by the court on May 31, 1984, is headed Attempted Armed Robbery. The body of the judgment shows a verdict by the jury: “We, the jury, find the defendant guilty of Armed Robbery.”
In Singleton’s motion for a new trial, the omission of the word “attempted” was urged as grounds for a new trial. The court ruled from the bench that there was no prejudice to Singleton in this omission, and stated:
The order overruling the motion for a new trial that I will enter will correct the verdict and show the sentence to be on the conviction, which it only can be, for attempted armed robbery.
In the order overruling the motion for a new trial entered by the court on June 22, 1984, however, the court failed to correct the verdict.
*16 LAW
Miss.Code Ann. § 97-3-79 (Supp.1974), the robbery statute under which Singleton was indicted, reads as follows:
§ 97-3-79. Robbery; use of deadly weapon.
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
It is clear the statute makes no distinction in the magnitude or degree of the offense between an actual taking and an attempt to take the personal property of another through fear and use of a deadly weapon. Instruction S-l for the State specifically informed the jury of the facts which they must believe beyond a reasonable doubt in order to convict, which embraced the attempt by Singleton to rob Dr. Currie through use of the revolver. The instruction then stated that if the jury believed Singleton did then and there “attempt” to take, steal and carry away, they should enter a verdict of guilty.
Generally, a verdict of guilty need only state that the jury finds the defendant guilty. And, in this case, the jury in finding the defendant guilty of robbery had to believe him guilty of attempted armed robbery. It is clear, therefore, the omission of “attempted” from the verdict was an oversight rather than a finding that Singleton was guilty of some other crime than that with which he was charged.
Courts do have the power to correct a verdict obviously irregular and to make it conform to a clear and unequivocal jury intent. In Poynter v. Trotter, 168 So.2d 635, 250 Miss. 812 (1964), we stated:
A verdict is sufficient in form if it decides the question in issue, and is certain in such a way as to enable the court intelligently to base a judgment thereon.
The conviction of Singleton and sentence to thirty-five (35) years will be affirmed. This case is remanded, however, for the circuit court of the First Judicial District of Harrison County to correct its judgment so as to show Singleton’s conviction to be for attempted armed robbery rather than armed robbery. We find no other issue merits discussion.
AFFIRMED AND REMANDED FOR CORRECTION OF JUDGMENT CONSISTENT WITH THIS OPINION.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.