[No. 14554-1-I.   Division One.   October 6, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH WILEY BROWN, ET AL, *Defendants,* STANLEY ERIC CHRISTIANSEN, *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Marilyn Brenneman, Deputy,* for respondent.

COLEMAN, J.—Stanley Eric Christiansen appeals his conviction for criminal conspiracy to commit theft in the first degree. Because we find that the jury was improperly instructed, we reverse the conviction and remand for a new trial.

On September 26, 1983, a 10–count information was filed against 12 defendants, alleging the crimes of theft, assault, and conspiracy to commit theft. An affidavit filed in support of the information alleged that the 12 defendants were involved in "rip and tease" operations in which the objec-

tive was to obtain victims' money by giving deliberately false impressions that the victims were purchasing sexual acts. These operations were carried out in stores purportedly selling legitimate products.[1] "Saleswomen" would entice customers into the store by using suggestive language. Once in the store, the customers parted with large sums of money in the belief they were paying for sexual acts with the saleswomen. The transactions were monitored through a one-way mirror by bouncers who would intervene if the customer tried to touch the saleswoman. Eventually, the customer would either run out of money or realize that he was being deceived. If the customer caused problems, the bouncers would appear and intimidate the customer into leaving the premises. The money obtained from each customer was then apportioned between the owners of the operations, the managers, the bouncers, and the saleswomen.

Defendant Christiansen was charged in only the single count alleging a conspiracy to commit theft in the first degree. A supporting affidavit alleged that Christiansen acted as a bouncer in the "rip and tease" operations.

The State called several witnesses at trial, including victims of the "rip and tease" operations, undercover police officers who had posed as customers, and various participants of the operations who were now testifying for the State. The chief prosecution witness was Calvin Hiatt, part owner of the operations, who testified in detail about the running of the operations.

The jury found Christiansen guilty of criminal conspiracy to commit theft in the first degree. On appeal, Christiansen raises four issues. He contends (1) the trial court's "to convict" instruction was defective because it failed to name the coconspirators who were named in the information; (2) the

---

[1]The evidence against the defendants covered two such operations. The first operation, carried out in a store called "Bridgett's", purported to sell athletic equipment. The second operation, carried out in a store in the same location, was called "Love Beds" and purported to sell waterbeds.

trial court erred in refusing to sever his trial from the trial of the others charged in the operations; (3) the trial court erred in denying his motion for a bill of particulars; and (4) the evidence was insufficient to support a guilty verdict.

Christiansen first argues that the "to convict" instruction given by the court[2] allowed him to be convicted of a crime not charged in the information. At trial, Christiansen proposed a "to convict" instruction which named all of the coconspirators who had been named in the information. The court's instruction requires reversal, Christiansen contends, because it allows him to be convicted of conspiring with someone other than the persons named in the information.

In support of his argument, Christiansen cites *State v. Valladares,* 99 Wn.2d 663, 664 P.2d 508 (1983) for the proposition that when a defendant is *specifically* charged with conspiring with a named codefendant, he cannot be convicted of conspiring with another person or with some unnamed coconspirator.[3] In *Valladares,* defendants Min-

---

[2]Instruction 17 provided as follows:

"To convict the defendant Stanley Eric Christiansen of the crime of criminal conspiracy, as charged in count I, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That during a period of time intervening between April 1, 1981 through April 30, 1982, the defendant agreed with one or more persons to engage in or cause the performance of conduct constituting the crime of theft in the first degree;

"(2) That the defendant made the agreement with the intent that such conduct be performed;

"(3) That any one of the persons involved in the agreement took a substantial step in pursuance of the agreement; and

"(4) That the acts occurred in King County, Washington.

"If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to count I.

"On the other hand, if after weighing all the evidence you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty as to count I."

[3]The State concedes that the individuals named in the information were charged as coconspirators. They assert, however, that the information does not exclude the existence of additional coconspirators. We find that the language of

ium and Valladares were charged with conspiracy and tried together. Valladares was convicted on the conspiracy charge; Minium was acquitted. On appeal, the Supreme Court reversed Valladares' conviction, holding that the verdicts were inconsistent because there must be an agreement between at least two persons in order to prove a conspiracy. In arriving at this conclusion, the court rejected the State's argument that the jury could have found that Valladares conspired with someone besides Minium.

> The State suggests that the verdicts are not in fact inconsistent because the jury could have found Valladares conspired with Agent Sexton to deliver cocaine to Agent Greppin. The difficulty with such a theory is that Valladares was specifically charged with conspiring with Minium. He was neither charged with having conspired with Sexton nor with having conspired with some other unnamed coconspirators. We need not decide here what result might have been reached had there been such a charge. It is sufficient to say an accused must be informed of the charge against him and he cannot be tried for an offense not charged. The State did not charge Valladares with having conspired with Sexton or with having conspired with some unnamed coconspirator. Thus, the information was not sufficient to support the State's theory. *State v. Rhinehart*, 92 Wn.2d 923, 602 P.2d 1188 (1979).

*Valladares*, at 671.

After analyzing the information and instruction in the present case in light of *Valladares*,[4] we conclude that the jury was improperly instructed. Although a conspiracy charge allows the State to cast a wide net in order to prosecute those involved in criminal activity, a conspiracy

---

the information contains no indication of the existence of other persons. Thus, there is no basis for the State's contention, particularly in light of *State v. Valladares*, 99 Wn.2d 663, 664 P.2d 508 (1983), which controls our determination in this case.

[4]We have also examined the information filed in *State v. Valladares*, 99 Wn.2d 663, 664 P.2d 508 (1983), a copy of which has been made a part of this record. We find no significant differences between the charging language in *Valladares* and that in the case sub judice.

instruction may not be more far-reaching than the charge in the information. Here, the information charged a conspiracy comprised of 12 named individuals. The instruction, in contrast, required only that the jury find that the defendant had agreed with "one or more persons to engage in or cause the performance of conduct constituting the crime of theft in the first degree." Since testimony at trial indicated that there were others involved in the conspiracy besides those named in the information, the jury may have convicted the defendant after finding an agreement between him and someone not charged. Since an accused must be informed of the charge against him and cannot be tried for an offense not charged, *Valladares,* at 671; *State v. Rhinehart,* 92 Wn.2d 923, 928, 602 P.2d 1188 (1979), the instruction was defective.

■ Furthermore, we cannot conclude that the defect in the instruction was harmless error. An erroneous instruction given on behalf of the party in whose favor the verdict was returned is presumed prejudicial unless it affirmatively appears that the error was harmless. *State v. Rice,* 102 Wn.2d 120, 123, 683 P.2d 199 (1984). An instructional error was harmless only if it was trivial, or formal, or merely academic, was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case. *State v. Stewart,* 35 Wn. App. 552, 555, 667 P.2d 1139 (1983). The error in the present case was not trivial because several uncharged witnesses testified about their involvement in the conspiracy,[5] and the instruction did not limit the jury's consideration to individuals charged in the information. Because the jury could return a guilty verdict on the conspiracy charge by finding a conspiracy with even one other person, it is possible that the jury merely stopped its deliberations after finding the defendant conspired with one of the uncharged witnesses.

---

[5]The State called Calvin Hiatt (part owner of the operations), Donna Pendley (a saleswoman), Theresa Caravan (a saleswoman), and Rodney Holm (a bouncer). None of these individuals was charged in the information.

Although we find that the error requires reversal in the present case, it can be easily corrected in the future by including language in the information which indicates that there are other conspirators who are either unknown or uncharged. Such a charge would be proper, since a person can be convicted of conspiring with a person whose name is unknown, *Rogers v. United States,* 340 U.S. 367, 375, 95 L. Ed. 344, 71 S. Ct. 438, 19 A.L.R.2d 378 (1951), as long as the evidence supports the proposition that such a coconspirator did exist and that the defendant did conspire with him. *United States v. Cepeda,* 768 F.2d 1515, 1517 (2d Cir. 1985); *United States v. Pruett,* 551 F.2d 1365, 1369 (5th Cir. 1977). On the other hand, the State may elect to charge only named persons in the information as long as the court instructs the jury that it may convict only if it finds that the defendant conspired with one or more persons named in the information.

Because our conclusion on the issue of the conspiracy instruction requires a new trial, we will briefly address the other issues raised by Christiansen. First, we find that the trial court did not err in refusing to sever Christiansen's trial from that of his codefendants. Such a motion, based on CrR 4.4(c)(2),[6] is entrusted to the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. *State v. Grisby,* 97 Wn.2d 493, 507, 647 P.2d 6 (1982), *cert. denied,* 459 U.S. 1211 (1983); *State v. McDonald,* 40 Wn. App. 743, 748, 700 P.2d 327 (1985). In the present case, testimony at trial was relevant to show the existence and nature of the charged conspiracy. Even if Christiansen had been separately tried, most of the same evidence would have been admissible against him. Thus, Christiansen has failed to point to the specific prejudice which is necessary to establish an abuse of discretion in the trial court's refusal to sever. *Grisby,* at 507; *McDonald,* at 748.

---

[6]Christiansen has not argued on appeal that severance is required under CrR 4.4(c)(1).

■ We also find that the trial court did not err in denying defendant's motion for a bill of particulars. A bill of particulars is provided to the defendant in a criminal action to aid in the preparation of a proper defense. The furnishing of a bill of particulars is discretionary with the trial court, whose ruling will not be disturbed absent an abuse of discretion. *State v. Dictado*, 102 Wn.2d 277, 286, 687 P.2d 172 (1984); *State v. Devine*, 84 Wn.2d 467, 471, 527 P.2d 72 (1974).

In the present case, the information was accompanied by an affidavit which alleged in detail the "rip and tease" operations that were the basis of the conspiracy charge against Christiansen. The affidavit alleged that Christiansen was a bouncer whose "job was to watch each woman's salespitch from a concealed position and to protect the business property, and the money the women had obtained, from angry customers who realized the deception." The affidavit alleged incidents against specific victims and then stated "[a]t the time these events occurred, the named defendants were employed as bouncers by defendants Brown, Randy and Hal Croasmun and Wilson and were acting in a manner to further the initial agreement to commit theft." The information and the affidavit supporting it gave Christiansen sufficient information to prepare a defense.

Christiansen argues, however, that he had insufficient information as to when, where, or how he was supposed to have entered into the agreement to conspire. Admittedly, the information and affidavit do not allege specifics of the agreement to conspire. However, the State may prove an illegal agreement giving rise to a conspiracy by circumstantial evidence, often by overt acts alone. *State v. Gallagher*, 15 Wn. App. 267, 277, 549 P.2d 499 (1976).

> No formal agreement between the parties is essential to the formation of the conspiracy, for the agreement may be shown "if there be concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose."

*Gallagher,* at 277, quoting *Marino v. United States,* 91 F.2d 691, 694, 113 A.L.R. 975 (9th Cir. 1937). Since the State was not required to prove the specifics of the agreement in order to prove conspiracy, the trial court did not abuse its discretion in denying the motion for a bill of particulars.

■ Finally, had the jury been properly instructed, we find that the evidence would have been sufficient for the jury to find the defendant guilty of criminal conspiracy to commit theft in the first degree. The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980).

Christiansen argues that in proving the required element of an agreement between conspirators, the State failed to establish the specifics of the agreement. Christiansen overlooks the fact, however, that the State need not detail the specifics of his agreement to commit conspiracy. On the contrary, the existence of the illegal agreement may be proved by circumstantial evidence. *Gallagher,* at 277. Furthermore, once the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict the defendant of knowing participation in the conspiracy. *United States v. Traylor,* 656 F.2d 1326, 1337 (9th Cir. 1981); *United States v. Bailey,* 607 F.2d 237, 243 (9th Cir. 1979).

Viewed in a light most favorable to the prosecution, the evidence was sufficient to convict Christiansen of conspiracy. Witnesses testified that Christiansen was a bouncer who at various times had kept the books for the operation, monitored conversations between the saleswomen and the customers, taught one saleswoman what to say to a customer, and fetched food and cigarettes for the others in the operation. These actions, while not necessarily criminal

standing alone, constitute sufficient evidence that Christiansen was connected to the conspiracy.

The defendant's conviction is reversed and the case is remanded for a new trial.

SCHOLFIELD, C.J., and GROSSE, J., concur.

Reconsideration denied November 19, 1986.