[No. 31798-9-I.    Division One.    June 26, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT
W. IMHOFF, *Appellant*.

*Anna Samuel, Appellate Defender*, for appellant.

*Kenneth A. Schiffler, Deputy Prosecutor*, for respondent.

BECKER, J. — The State charged Robert Imhoff with one count of attempted possession of marijuana with intent to manufacture or deliver. The verdict form lacked the word "attempted", an error which Imhoff did not notice until after the jury brought in its verdict against him. The trial court denied Imhoff's motion to dismiss or to vacate the verdict and entered judgment on the crime actually charged.

Imhoff contends the verdict form convicting him of possession with intent violated his right under the Washington State Constitution to be informed of the charge against him and to be tried and convicted only for the offense charged. *See* Const. art. I, § 22 (amend X); *see, e.g., State v. Carr*, 97 Wn.2d 436, 439, 645 P.2d 1098 (1982). He argues that the jury's verdict improperly convicted him of the completed crime, which is neither a lesser degree nor a lesser included offense of the attempt that the State charged. We affirm.

In similar circumstances, the Mississippi Supreme Court affirmed a lower court's refusal to grant a new trial based on the jury's substitution of armed robbery in the verdict for the charged crime of attempted armed robbery. *Singleton v. State*, 495 So.2d 14, 15-16 (Miss. 1986). The trial court corrected the verdict to reflect the crime charged. The Supreme Court stated that in finding the defendant guilty of armed robbery, the jury had to believe him guilty of attempted armed robbery. Here, as in *Singleton*, it is clear that the jury regarded the omission of attempted from the verdict as an oversight. *Singleton*,

at 16. The State did not charge or prove the completed crime. *See also Barber v. State*, 16 Md. App. 235, 295 A.2d 814, 817-18 (1972); *State v. Ledbetter*, 4 N.C. App. 303, 167 S.E.2d 68, 74-76 (1969).

Imhoff attempts to analogize the omitted word in the verdict form to errors in cases involving omitted words in jury instructions and charging documents. *See State v. Brown*, 45 Wn. App. 571, 574-76, 726 P.2d 60 (1986); *State v. Simon*, 120 Wn.2d 196, 198, 840 P.2d 172 (1992). There is no parallel. The miswording of the verdict form did not cause Imhoff to be unaware of the charge he was facing, nor did it misinstruct the jury as to what charge he was being tried for.

Imhoff argues that the jury may actually have convicted him of the uncharged completed crime because of Instruction 2.01, which defined possession with intent as a crime, and Instruction 3.01, which defined accomplice liability. In reviewing instructions we must read them as a whole, not in isolation from each other. *State v. MacMaster*, 113 Wn.2d 226, 233, 778 P.2d 1037 (1989). The next instruction after 2.01 defined *attempted* possession with intent as a crime. Following that, the to convict instruction required the jury to find each of the elements of *attempted* possession with intent in order to return a guilty verdict. Based on the instructions, the only crime the jury could have possibly convicted Imhoff of was attempt to possess a controlled substance with intent to manufacture or deliver. The jury is presumed to follow the court's instructions. *State v. Grisby*, 97 Wn.2d 493, 499, 647 P.2d 6 (1982), *cert. denied*, 459 U.S. 1211 (1983).

At one point in closing argument, the State said that Imhoff acted as an accomplice to another person who had "momentary possession of this marijuana". According to Imhoff, this remark shows the State *was* trying to convict Imhoff of the completed crime by complicity and would have confused the jury. In context, however, the State's argument focused on the "to convict" instruction. The prosecutor told the jury that the only element of the crime

at issue was whether Imhoff's conduct was a "substantial step". This is attempt language. The few words that could possibly be interpreted as referring to a completed crime when taken out of context do not overcome the presumption that the jury followed the court's instructions.

As there is nothing in the record to indicate that the misworded verdict form prejudiced Imhoff, we hold the trial court acted within the bounds of its discretion in correcting a clerical mistake under CrR 7.8(a).[1]

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

COLEMAN, J., and ALSDORF, J. Pro Tem., concur.

---

[1]CrR 7.8(a) provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Such mistakes may be so corrected before review is accepted by an appellate court, and thereafter may be corrected pursuant to RAP 7.2(e)".