[No. 61412-6-I.   Division One.   July 6, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. YATIN JAIN, *Appellant*.

118

*Yatin Jain*, pro se.

*Nancy P. Collins* and *Mindy M. Ater* (of *Washington Appellate Project*), for appellant.

*Janice E. Ellis, Prosecuting Attorney*, and *Matthew R. Pittman, Deputy*, for respondent.

¶1 Cox, J. — Yatin Jain appeals his judgment and sentence, claiming that the trial court's "to convict" instructions allowed the jury to convict him of two counts of money laundering based on his disposition of properties not charged in the information. The State properly concedes these errors. We reverse and remand for a new trial.

¶2 The Snohomish Regional Drug Task Force arrested Daren Rogers for money laundering in October 2004. Rogers decided to cooperate with the Task Force by providing information on his co-conspirators in drug transactions. Rogers identified some, and the Task Force started to investigate those individuals. Jain was among those Rogers named in January 2005.

¶3 Rogers met Jain in 2002. The two established a relationship in which Jain sold Rogers large quantities of marijuana. Rogers got out of the marijuana business in late 2003 because he knew he was being investigated. After his arrest, Rogers got back into contact with Jain at the request of the Task Force to participate in recorded conversations and to set up a controlled drug buy.

¶4 In addition to getting drug transaction information from Rogers, the Task Force conducted a financial investigation focusing on Jain. The investigation indicated that Jain spent significantly more money than could be traced to legitimate sources of income. Detective Tasha Townsend discovered that in January 2004, Jain purchased the two pieces of unimproved property that are at issue in this case at a county foreclosure sale. He paid approximately $23,300 in cash for the properties. There is no evidence that Jain made any improvements to these two pieces of property.

¶5 In 2005, Jain purchased two residences and a piece of unimproved land in Everett. He made physical improvements to these three properties and to two others he owned in Lynnwood. Jain financed these improvements with cash.

¶6 In March 2006, the Task Force executed a search warrant at Jain's residence. About one week later, on March 21, 2006, Jain quitclaimed all of his properties to his father.

Thereafter, the Task Force commenced separate forfeiture proceedings against the properties, proceedings that are the subject of a recent reported decision of this court.[1]

¶7 The State charged Jain with one count of delivery of a controlled substance, one count of possession of a controlled substance with intent to manufacture or deliver, and two counts of money laundering. The money laundering charges were tied to the two unimproved properties purchased with cash at a foreclosure sale in January 2004.

¶8 Before trial, Jain pleaded guilty to the controlled substance charges. A jury convicted Jain of both counts of money laundering.

¶9 Jain appeals.

## JURY INSTRUCTIONS

*Omission of Identification of Properties Charged in Information*

¶10 Jain argues, and the State properly concedes, that the two "to convict" instructions given by the court allowed the jury to convict Jain of crimes not charged in the information. Those charges were limited to the two purchases of unimproved properties at a foreclosure sale. We accept the State's concession.

¶11 An accused person has a constitutional right to be informed of the charge he is to meet at trial and cannot be tried for a crime not charged.[2] An erroneous instruction given on behalf of the party in whose favor the verdict was returned is presumed prejudicial unless it affirmatively appears that the error was harmless.[3] A constitutional

---

[1] *Snohomish Reg'l Drug Task Force v. 20803 Poplar Way*, 150 Wn. App. 387, 208 P.3d 1189 (2009).

[2] *State v. Pelkey*, 109 Wn.2d 484, 487, 745 P.2d 854 (1987); *see also* U.S. CONST. amend. VI; CONST. art. I, § 22.

[3] *State v. Brown*, 45 Wn. App. 571, 576, 726 P.2d 60 (1986) (citing *State v. Rice*, 102 Wn.2d 120, 123, 683 P.2d 199 (1984)).

error is harmless if the appellate court is convinced beyond a reasonable doubt that any reasonable jury would have reached the same result in the absence of the error.[4]

¶12 In *State v. Brown*,[5] the information alleged that defendant Christiansen conspired with 11 identified people to commit theft.[6] The information did not allege that Christiansen had conspired with any unnamed co-conspirators.[7] The "to convict" instruction, however, allowed the jury to find Christiansen guilty if he agreed with "one or more persons" to engage in the conduct at issue.[8] Because several witnesses not named in the information testified at trial about their involvement in the conspiracy, thereby allowing the jury to return a guilty verdict by finding Christiansen conspired with one of the uncharged witnesses, the instruction was both erroneous and not harmless beyond a reasonable doubt.[9]

¶13 Here, the information charged Jain as follows:

COUNT I: MONEY LAUNDERING, committed as follows: That the defendant, on or about the 21st day of March, 2006, did conduct a financial transaction, to-wit: the pledge, gift, transfer, transmission, trade, and disposition of *real property known as Lot 7 River 'n Forest 4 Granite Falls, tax parcel number 00557100100700*, involving the proceeds of specified unlawful activity, to-wit: Delivery of a Controlled Substance, knowing that the property was proceeds of such specified unlawful activity; proscribed by RCW 9A.83.020, a felony.[10]

COUNT II: MONEY LAUNDERING, committed as follows: That the defendant, on or about the 21st day of March, 2006,

---

[4] *State v. Guloy*, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985).

[5] 45 Wn. App. 571, 726 P.2d 60 (1986).

[6] *Id*. at 573-74.

[7] *Id*.

[8] *Id*. at 574 n.2.

[9] *Id*. at 576 (citing *State v. Valladares*, 99 Wn.2d 663, 671, 664 P.2d 508 (1983)); *see also Guloy*, 104 Wn.2d at 425 (A constitutional error is harmless if the appellate court is convinced beyond a reasonable doubt that any reasonable jury would have reached the same result in the absence of the error.).

[10] Clerk's Papers at 67 (Second Am. Information) (emphasis added).

did conduct a financial transaction, to-wit: the pledge, gift, transfer, transmission, trade, and disposition of *real property known as Sec 31 Township 28 Mill Creek, tax parcel number 28053100401100*, involving the proceeds of specified unlawful activity, to-wit: Delivery of a Controlled Substance, knowing that the property was proceeds of such specified unlawful activity; proscribed by RCW 9A.83.020, a felony.[11]

During trial, the trial court admitted evidence involving properties other than the unimproved lots described in the information. Specifically, the State presented evidence of five properties not identified in the information that Jain purchased and/or improved with alleged proceeds of marijuana sales. The State also presented evidence that Jain transferred seven properties—the two specified in the information and five that were not—to his father by quitclaim deed on March 21, 2006.

¶14 The court's instructions to the jury, in contrast to the information, did not require the State to prove or the jury to find that Jain's money laundering involved any specific properties. Instead, Instruction 9 provides in relevant part:

> To convict the defendant of the crime of Money Laundering as charged in Count I, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1)  That on or about the 21st day of March, 2006, in an act separate and distinct from that charged in Count II, the defendant conducted a financial transaction;
>
> (2)  That the transaction involved the proceeds of specified unlawful activity;
>
> (3)  That the defendant knew that the property was proceeds of specified unlawful activity;
>
> (4)  That the acts occurred in the State of Washington.
>
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.[12]

---

[11] Clerk's Papers at 67 (Second Am. Information) (emphasis added).

[12] Clerk's Papers at 32.

Instruction 10, the "to convict" instruction for count II, includes parallel language.

¶15 Moreover, no instruction asked the jury to unanimously decide which property's disposition made up the crime of money laundering. And the State does not argue that it made an election, designating the Granite Falls and Mills Creek properties as those to which the money laundering charges applied.

¶16 As in *Brown*, the jury in this case could have returned a guilty verdict by finding that Jain committed acts not charged in the information, specifically acts relating to properties other than the Granite Falls and Mill Creek properties. The State properly concedes that it violated Jain's right to notice and a fair opportunity to present a defense. We must reverse Jain's convictions.

¶17 Because we must reverse on this constitutional ground, there is no need to consider the other constitutional basis for the challenge, the alleged lack of jury unanimity. That challenge likewise applies to Instructions 9 and 10.

¶18 On remand, there are issues that may recur. Accordingly, we address those issues to the extent this record permits us to do so.

### Essential Elements of the Crime

¶19 Jain argues that the trial court's jury instructions failed to include all essential elements of the offenses charged, relieving the State of its burden of proof. We disagree.

¶20 The State bears the burden of proving every element of the crime charged beyond a reasonable doubt.[13] It follows that the "to convict" instruction must contain every element of the crime charged.[14] Failure to include every element of the crime charged amounts to constitu-

---

[13] *State v. Fisher*, 165 Wn.2d 727, 753, 202 P.3d 937 (2009).

[14] *Id.*

tional error that may be raised for the first time on appeal.[15] We review "to convict" instructions de novo.[16]

■■ ¶21 *Black's Law Dictionary* defines "elements of crime" as "[t]he constituent parts of a crime — usu[ally] consisting of the actus reus, mens rea, and causation — that the prosecution must prove to sustain a conviction."[17] Case law also identifies the statutory elements of a crime as the essential elements.[18] A proper "to convict" instruction need not contain all pertinent law such as definitions of terms, duties of the jury to disregard statements that are not evidence, and so forth.[19]

■ ¶22 Washington's money laundering statute, RCW 9A.83.020, provides in relevant part:

(1) A person is guilty of money laundering when that person conducts or attempts to conduct a financial transaction involving the proceeds of specified unlawful activity and:

(a) Knows the property is proceeds of specified unlawful activity.

"Specified unlawful activity" is defined as

an offense committed in this state that is a class A or B felony under Washington law or that is listed as "criminal profiteering" in RCW 9A.82.010, or an offense committed in any other state that is punishable under the laws of that state by more than one year in prison, or an offense that is punishable under federal law by more than one year in prison.[20]

---

[15] *Id.* at 753-54.

[16] *Id.* at 754.

[17] BLACK'S LAW DICTIONARY 559 (8th ed. 2004).

[18] *Fisher*, 165 Wn.2d at 754.

[19] *Id.* at 754-55.

[20] RCW 9A.83.010(7).

Delivery of a controlled substance is listed among the crimes defined as "criminal profiteering."[21] Marijuana is a controlled substance.[22]

¶23 Consistent with the above statutes, the court's "to convict" instruction, Instruction 9, provides:

> To convict the defendant of the crime of Money Laundering as charged in Count I, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about the 21st day of March, 2006, in an act separate and distinct from that charged in Count II, the defendant conducted a financial transaction;
>
> (2) That the transaction involved the proceeds of specified unlawful activity;
>
> (3) That the defendant knew that the property was proceeds of specified unlawful activity;
>
> (4) That the acts occurred in the State of Washington.
>
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
>
> On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.[23]

The court's Instruction 10 for count II includes parallel language.[24]

¶24 We cite these two instructions, recognizing that they are deficient for the other reason that we have already explained. Here, we cite them for the purpose of discussing whether they are also deficient for failing to state the essential elements of the crime of money laundering.

---

[21] RCW 9A.82.010(4)(q).

[22] RCW 69.50.101(d); RCW 69.50.204(c)(14); Clerk's Papers at 41 (Instruction 18).

[23] Clerk's Papers at 32.

[24] Clerk's Papers at 33.

¶25 The court's instructions also provided definitions for "financial transaction,"[25] "conducting a financial transaction,"[26] "proceeds,"[27] "property,"[28] and "knows the property is proceeds of specified unlawful activity."[29] The court also gave the jury the following definitions:

"Specified unlawful activity" means commission of the crime of Delivery of a Controlled Substance.[30]

Deliver or delivery means the actual or constructive transfer of a controlled substance from one person to another.[31]

Marijuana is a controlled substance.[32]

¶26 Jain argues, without citation to any relevant case authority, that RCW 9A.83.020 shows that *commission* of the specified unlawful activity is an element the State must prove beyond a reasonable doubt. Specifically, he contends that "delivery of marijuana" is an essential element for the crime of money laundering in his case. According to him, the absence of this language in the "to convict" instruction relieved the State of its burden of proof in this case. We hold that the challenged instructions are constitutionally sufficient.

¶27 At oral argument before this court, Jain set forth the instruction he would have proposed at trial had he considered the argument then:

Proposed Instruction for Count I:

To convict the defendant of the crime of Money Laundering as charged in Count I, each of the following elements of the crime must be proved beyond a reasonable doubt:

---

[25] Clerk's Papers at 34 (Instruction 11).

[26] *Id.*

[27] Clerk's Papers at 35 (Instruction 12).

[28] Clerk's Papers at 37 (Instruction 14).

[29] Clerk's Papers at 38 (Instruction 15).

[30] Clerk's Papers at 36 (Instruction 13).

[31] Clerk's Papers at 40 (Instruction 17).

[32] Clerk's Papers at 41 (Instruction 18).

(1) That on or about _____, the defendant delivered marijuana;

(2) That the defendant knew that the substance delivered was marijuana;

(3) On or about the 21st day of March, 2006, the defendant conducted a financial transaction involving the real property known as Lot 7 River 'n Forest 4 Granite Falls, tax parcel number 00557100100700;

(4) The transaction involved proceeds of the commission of the crime of delivery of marijuana;

(5) The defendant knew that the property was proceeds of the crime of delivery of marijuana; and

(6) The acts occurred in the State of Washington.

¶28 First, to be clear, Jain expressly disclaimed at oral argument that he argues that the absence of a *definition* of "specified unlawful activity" in the "to convict" instructions given by the court renders those instructions constitutionally defective. Such an argument would fail because case law does not require that definitions be included in to convict instructions.[33]

¶29 Second, as we have explained, the two "to convict" instructions in this case closely track the language of the money laundering statute. More specifically, the term "specified unlawful activity" is stated as one of the essential statutory elements in the "to convict" instructions in this case. As the instructions plainly state, the State is required to prove and the jury is required to find beyond a reasonable doubt this statutory element. Moreover, the definition of "specified unlawful activity" is correctly set forth in Instruction 13. Supporting definitions for "delivery of marijuana" are set forth in Instructions 17 and 18. Because the "to convict" instruction states the statutory element of "specified unlawful activity" and the supporting definitions for this element are also in these instructions, the challenged instructions are constitutionally sufficient except for the deficiencies we discussed earlier in this opinion. There simply is no require-

---

[33] *Fisher*, 165 Wn.2d at 754-55.

ment for the "to convict" instructions to contain a statement of the type of specified unlawful activity underlying the charge of money laundering.

¶30 Jain's analogy to the felony murder statute is misplaced. He argues that because *Washington Pattern Instructions: Criminal* (WPIC) 26.04, the pattern instruction for first degree felony murder, requires a statement of the underlying felony triggering felony murder in the "to convict" instruction, the same is true here.[34] But comparing the structures of the two underlying statutes shows that the analogy fails. The first degree felony murder statute provides that a person is guilty of that crime when "[h]e or she commits or attempts to commit the crime of either [robbery, rape, burglary, arson, or kidnapping], and in the course of and in furtherance of such crime or in immediate flight therefrom, he or she, or another participant, causes the death of a person other than one of the participants."[35] The money laundering statute, in contrast, does not provide that the defendant must commit the specified unlawful activity to be guilty of money laundering.[36] He or she need only conduct or attempt to conduct a financial transaction involving the proceeds of specified unlawful activity, knowing that the property is proceeds of specified unlawful activity.[37] As we discussed above, the instructions in Jain's case, read as a whole, required the State to prove beyond a reasonable doubt that the defendant committed specified unlawful activity, in this case delivery of marijuana. In any event, nothing in the comments to either WPIC 26.04 or WPIC 27.04 (second degree felony murder) indicates that the wording of either pattern instruction is constitutionally required.

---

[34] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 26.04, at 366 (3d ed. 2008).

[35] RCW 9A.32.030(1)(c) (Predicate crime for first degree felony murder is first or second degree robbery, first or second degree rape, first degree burglary, first or second degree arson, or first or second degree kidnapping.).

[36] RCW 9A.83.020.

[37] *Id.*

## COMMENT ON THE EVIDENCE

¶31 Jain also argues that the court impermissibly commented on the evidence and directed the jury to find an element of the offense in Instruction 13, its definition of "specified unlawful activity." He argues that this instruction is analogous to that found problematic in *State v. Becker*.[38] We are unpersuaded by this argument.

¶32 In *Becker*, after the defense presented considerable evidence that a particular facility was not a "school" for purposes of a sentencing enhancement, the trial court gave the jury a special verdict form that explicitly stated the facility was a school.[39] The verdict form constituted an improper comment on the evidence because it removed a disputed issue of fact from the jury's consideration.[40] Here, the court instructed the jury that " 'Specified unlawful activity' means the commission of the crime of Delivery of a Controlled Substance."[41] Unlike the instruction in *Becker*, this is a straightforward legal definition under the appropriate statute.[42] Neither party presented evidence or argument that a crime other than delivery of a controlled substance was the alleged predicate "specified unlawful activity" for Jain's money laundering. The court's instruction here did not direct the jury to find that specified unlawful activity had occurred, only that the specified unlawful activity at issue in this case was delivery of a controlled substance.

¶33 We reverse the judgment and sentence and remand for a new trial.

---

[38] 132 Wn.2d 54, 64-65, 935 P.2d 1321 (1997).

[39] *Id.* at 58-60.

[40] *Id.* at 65.

[41] Clerk's Papers at 36 (Instruction 13).

[42] *See* RCW 9A.83.010(7); RCW 9A.82.010(4)(q).

¶34 The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.

DWYER, A.C.J., and LAU, J., concur.

Review denied at 167 Wn.2d 1017 (2010).