## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57774-7-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CRISTOBAL IVAN ARROYO, | |
| Appellant. | |

CHE, J. — Cristobal Arroyo appeals the trial court's imposition of a $500.00 crime victim penalty assessment (VPA) and restitution interest. In his statement of additional grounds (SAG), Arroyo argues the trial court should consider his youth at the time of the offense.

In 2013, Arroyo, a juvenile at the time, pleaded guilty to first degree murder with a deadly weapon and the trial court sentenced him. In 2021, we remanded Arroyo's case for resentencing, directing the trial court to consider youthfulness factors at the time of the offense. At resentencing, the trial court took testimony, considered filings by the parties, heard Arroyo's allocution, and the parties' argument. The trial court waived all discretionary legal fees because Arroyo is indigent, and it imposed restitution plus interest and a $500.00 VPA.

We hold (1) the $500.00 VPA should be stricken because Arroyo is indigent, (2) amended RCW 10.82.090 applies to Arroyo because his case is on direct appeal, and (3) Arroyo's SAG claim fails.

No. 57774-7-II

Accordingly, we remand for the trial court to strike the VPA and decide whether to impose restitution interest after considering the relevant factors under RCW 10.82.090(2).

FACTS

In 2012, while at home, 14-year-old Arroyo and his 16-year-old brother repeatedly stabbed 15-year-old HMH. Arroyo also hit HMH in the head with a baseball bat. They then cut and stabbed HMH further to "drain him out" in the bathtub before moving HMH to a trash bin. Clerk's Papers (CP) at 383. In 2013, Arroyo pleaded guilty to first degree murder with a deadly weapon and the trial court sentenced him. In 2021, we remanded Arroyo's case[1] for resentencing with direction to consider his youthfulness at the time of the offense under *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

In 2022, at the resentencing hearing, the trial court considered the factors set forth in *Miller* and also discussed several post-*Miller* cases such as *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017).

The trial court reviewed all materials submitted and heard two days of testimony before issuing an oral ruling finding no "substantial and compelling reasons to depart from a standard range sentence." Rep. of Proc. (RP) at 274. In relevant part:

> The Court was also provided with transcripts of court hearings, records from [juvenile court], [a secure residential facility that provides education and vocational training], and the Department of Corrections.
>
> This court has read and reviewed all of the materials submitted to it.
>
> During the sentencing hearing, this court heard from . . . forensic psychologist Dr. Kristin Carlson, [and] Dyann Gregg from the Department of

---

[1] *In re Pers. Restraint of Arroyo*, No. 54540-3-II (Wash. Ct. App. July 13, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2054540-3-II%20Unpublished%20Opinion.pdf.

2

No. 57774-7-II

Corrections . . . I also heard from Mr. Arroyo's mother and reviewed [Arroyo's] [supporting] materials.

RP at 258.

In Arroyo's materials, Arroyo detailed his childhood and youth experiences, accomplishments since the crime, and future plans; he also included mental health evaluations by two psychologists, letters of support, the transcript of the original sentencing, and records from his juvenile detention facility. The trial court also heard Arroyo's allocution and the parties' arguments.

In the trial court's written order, it made detailed, reasoned findings on Arroyo's immaturity, impetuosity, and failure to appreciate risks and consequences, the nature of Arroyo's surrounding environment and family circumstances, Arroyo's participation in the crimes, how familial and peer pressure may have affected Arroyo, how youth impacted his legal defense, and factors suggesting Arroyo might be successfully rehabilitated. After its extensive analysis, the trial court concluded "there are not substantial and compelling reasons to depart from a standard range sentence." CP at 393.

The trial court found Arroyo indigent and waived all discretionary legal fees, but imposed restitution plus interest and a $500.00 VPA.

Arroyo appeals.

ANALYSIS

Arroyo argues the trial court erred by ordering him to pay a $500.00 VPA and restitution interest.

I. LEGAL FINANCIAL OBLIGATIONS

A.      *Restitution Interest*

Arroyo argues we should remand for the trial court to consider waiving interest on restitution under the factors identified in RCW 10.82.090(2) because of a recent amendment to RCW 10.82.090.[2]  The State concedes.[3]  We accept the State's concession.

An amendment to RCW 10.82.090 states that the trial court "may elect not to impose interest on any restitution the court orders" based on an inquiry into factors such as whether the defendant is indigent.  RCW 10.82.090(2); LAWS OF 2022, ch. 260.  Though this amendment did not take effect until after Arroyo's resentencing, it applies here because Arroyo's case is on direct appeal.  *State v. Reed*, 28 Wn. App. 2d 779, 781, 538 P.3d 946 (2023); *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

Thus, we remand for the trial court to decide whether to impose restitution interest after considering the relevant factors under RCW 10.82.090(2).

B.      *Victim Penalty Assessment*

Arroyo argues we should remand for the trial court to strike the VPA because he is indigent under RCW 7.68.035(5)(b).  The State concedes to a remand to strike the VPA.  We accept the State's concession.

---

[2] In his assignments of error and issue pertaining to assignments of error, Arroyo raises in passing that the trial court erred by ordering restitution, but provides arguments related only to the imposition of interest on the restitution.  To the extent that Arroyo argues error with respect to ordering restitution (not just restitution interest), we decline to review this argument.  *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992) (We will not review an issue raised in passing or unsupported by authority or persuasive argument); RAP 10.3(a)(6) (Arguments must be supported by citations to legal authority and references to relevant parts of the record).

[3] Notice of Concession to Remand, at 1-3.

Under amended RCW 7.68.035(4), the trial court cannot impose the VPA if it finds that the defendant is indigent at the time of sentencing. This amendment applies to cases that are on direct appeal. *Ellis*, 27 Wn. App. 2d at 16. Because the trial court found Arroyo indigent at sentencing and Arroyo's case is on direct appeal, we remand for the trial court to strike the VPA.

## II. STATEMENT OF ADDITIONAL GROUNDS

Arroyo argues that the trial court should consider his youth at the time of the offense and reduce his sentence or release him.[4] We disagree that the trial court failed to consider Arroyo's youthfulness at the time of the offense.

At resentencing, the trial court considered the *Miller* factors and recognized its duty to consider youthfulness factors in cases post-*Miller*. Arroyo argues that the trial court "should recognize that youthful chronological age has hallmark features of immaturity, impetuousness and failure to appreciate risks and consequences that may [a]ffect an offender's culpability and should lessen the severity of a sentence." SAG at 2.

But Arroyo does not explain how the trial court failed to consider his age and the hallmarks of youthfulness he listed. Indeed, the trial court reviewed Arroyo's immaturity,

---

[4] Arroyo asserts that the trial court should recognize the "First Step Act of 2018" but provides no authority that suggests that the federal act governs here. SAG at 1. He also mentions the "Youth Sentencing Act" but does not provide any citation to it. SAG at 1. Generally, the Sentencing Reform Act of 1981 governs Arroyo's case, since the juvenile court declined Arroyo and remanded him to the adult division of the superior court. *See State v. Watkins*, 86 Wn. App. 852, 855, 939 P.2d 1243 (1997); RCW 9.94A.390, .400. Thus, we decline to address this argument. *See DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

Additionally, Arroyo states that he has been charged costs of incarceration (COI) and those funds should be returned to him. But the judgment and sentence indicate that Arroyo was *not* ordered to pay his COI. Thus, we decline to address Arroyo's claim that his COI should be reimbursed.

impetuosity, failure to appreciate risks and consequences, the nature of Arroyo's surrounding environment and family circumstances, how familial and peer pressures may have affected Arroyo, how Arroyo's youth impacted his legal defense, and factors suggesting Arroyo might be successfully rehabilitated, and concluded "there are not substantial and compelling reasons to depart from a standard range sentence." CP at 393. Thus, Arroyo's argument that the trial court should consider his youth at the time of the offense is irreconcilable with the record presented. This claim fails.

## CONCLUSION

Accordingly, we remand for the trial court to strike the VPA and decide whether to impose restitution interest after considering the relevant factors under RCW 10.82.090(2).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Lee, J.

6